Myers v. Funk.

remained in the elevator and was consumed with it, the defendant is not liable.

REVERSED.

---

MYERS v. FUNK ET AL.

1. **Jurisdiction:** SUBMISSION OF CAUSE BY AGREEMENT. The testimony in a case being all documentary and in the form of depositions, after a part of the evidence of plaintiff had been submitted the judge expressed a wish to take the papers and examine them, and determine the cause in vacation, to which neither party objected. Two terms of the court intervened before the court finally directed an entry of judgment to be made in vacation: *Held*, that the conduct of the parties amounted to an agreement to submit in vacation.

*Appeal from Adair Circuit Court.*

SATURDAY, APRIL 26.

THE plaintiff brought an action to set aside, on the ground of fraud, a conveyance to the defendants of six hundred and eighty acres of land. The evidence in the cause consisted of depositions and documentary evidence.

At the March Term, 1875, of the Adair Circuit Court, the cause came on to be heard, and a part of the testimony of plaintiff was introduced, when the judge of said court suggested that he would prefer to take the papers in said cause home with him to Des Moines, and there examine them and determine the cause in vacation. Neither party objected, but no stipulation in writing was made, and no order in relation thereto was entered of record. The papers were sent to the judge of said court at Des Moines, but no time was agreed upon for the hearing of the cause or the decision thereof. The plaintiff had no notice of any time or place at which the cause would be heard. Thereafter a regular term of the Circuit Court of Adair county was held, commencing November 22, and ending November 30, 1875, and another term of

said court was held commencing April 24, and ending April 27, 1876. No action in said cause was had at either of said terms, or in the vacations between said terms.

On June 20, 1876, in vacation, the clerk of the courts of Adair county received from the judge of the fifth judicial circuit a paper as follows: "Now at this time, to-wit, this cause coming on for hearing, H. Grass, Esq.; appearing for plaintiff, and George L. Gow, Esq., appearing for defendant, and the court, after hearing the evidence and arguments of counsel, finds that the equities are with the defendants. It is, therefore, adjudged and decreed by the court that the petition of plaintiff be and the same is hereby dismissed at plaintiff's costs. It is, therefore, considered and adjudged that the defendants have and recover of the plaintiff their costs, taxed at $——, and that execution issue therefor, to all of which plaintiff excepts, and has one hundred days to file his bill of exceptions."

On the 20th of June, 1876, in vacation, this paper was copied upon the Circuit Court record of Adair county. In November, 1876, this record was read and approved in open court. On the 26th day of April, 1877, the plaintiff filed a motion to vacate the journal entry and redocket the cause for trial. The defendants filed a motion to strike from the files the plaintiff's motion to redocket the cause. This motion was sustained, and plaintiff excepted. The plaintiff appeals.

*Barcroft, Given & Drabelle,* for appellant.

No argument for appellee.

DAY, J.—The only question which the record presents pertains to the jurisdiction of the court to determine the cause during the vacation following the April Term, 1876. As appears from the record, the testimony in the cause was all documentary and depositions, and the evidence was ready for submission at the March

1. JURISDICTION: submission of cause by agreement.

Term, 1875.   At that term a part of the testimony on the part
of the plaintiff was introduced, when the court expressed a pref-
erence for taking the papers with him, and examining and
determining the cause in vacation.   Neither party objected
to this suggestion of the court.   Neither party insisted upon
submitting further evidence to the court.   By stopping fur-
ther proceedings in the case, and submitting without any
objection to have the trial arrested, they impliedly agreed
that the cause might be taken by the court and determined
in vacation.   In fact the conduct of the parties amounted to
a submission of the cause to be determined in vacation.
Section 183 of the Code provides : "With consent of parties,
actions, special proceedings and other matters pending in
the courts named in this chapter, may be taken under advise-
ment by the judges, decided and entered of record in vacation
or at the next term; if so entered in vacation, they shall
have the same force and effect from the time of such entry
as if done in term time."

Appellant insists, however, that the agreement does not
confer upon the court jurisdiction to determine the cause in
vacation, because it was not in writing nor entered of record.
The Code, § 213, provides :   "An attorney and counselor has
power   *   *   *   *   to bind his client to any agreement in
respect to any proceeding within the scope of his proper
duties and powers; but no evidence of any such agreement
is receivable except the statement of the attorney himself,
his written agreement signed and filed with the clerk, or an
entry thereof upon the records of the court."

The affidavit of the attorney of plaintiff was submitted in
support of the motion to set aside the entry and redocket the
cause.   This affidavit shows an existence of all the facts
which we hold establish an implied agreement to submit the
cause to be determined in vacation.   The agreement is estab-
lished by the statement of the attorney himself, which is com-
petent evidence under section 213, above quoted.

It is further claimed that no authority was conferred upon

the court to determine the cause during any vacation except the one following the March Term, 1875.

It may be that the parties would have been entitled to a hearing in open court at the term following the March Term, 1875, if they had moved therefor, but they took no action in the premises at that or the following term. By their conduct they permitted the cause to remain submitted to be determined in vacation. Under the circumstances the judge had jurisdiction to determine the cause at the time he filed his order for judgment with the clerk. '

There was no error in striking from the files the motion to set aside the journal entry and redocket the cause for trial.

AFFIRMED.