BABCOCK v. WOLF.

1. **Judgment;** PRESUMPTION OF REGULARITY. In the absence of evidence to the contrary, it will be presumed that a decree rendered in vacation was rendered before the expiration of the judge's term of office.

2. ———: STIPULATION AS TO PLACE OF HEARING: PLACE OF DECISION. The trial of a chancery suit is called a hearing, and, technically considered, this includes not only the introduction of evidence and the arguments of the solicitors, but the pronouncing of the decree by the chancellor; and in this case, where there was a stipulation for hearing before the chancellor at the place of his residence, *held*, especially in view of the conduct of the parties, (for which see opinion,) that the stipulation should be regarded as authorizing the rendition of the decree at the place of hearing.

3. ———: IN VACATION: WHEN RENDITION COMPLETE. Where a cause was submitted to a judge to be determined in vacation, and he made his decision and deposited it with the papers in the express office the day before his term of office expired, directed to the clerk of the proper county, *held* that the decision was then complete, and that it was not invalidated because it was not filed in the clerk's office before the expiration of the judge's term. REED, J., and ADAMS, CH. J., *dissenting.*

*Appeal from Page Circuit Court.*

THURSDAY, JUNE 17, 1886.

THIS is an appeal from an order of the circuit court, over-ruling a motion to expunge a decree in an action in chancery between these parties. The decree was in favor of the defendant. Plaintiff appeals.

*James McCabe,* for appellant.

*Stockton & Keenan,* for appellee.

ROTHROCK, J.—The action in equity was pending at the November term, 1883, of the Page circuit court, and at that time the following record entry was made in the case: "By agreement of parties this cause is to be heard at Afton, Iowa, December 27, 1883." By a written agreement, made at the same term, the papers and all the testimony in the case were placed in the custody of the clerk, who was directed to forward them to Afton immediately prior to the time fixed for the hearing. The cause was heard at Afton on the day fixed by the stipulation, before Hon. D. D. GREGORY, who was then judge of the circuit court for that circuit, and whose residence was at that place. When the cause was presented to the court at Afton, the judge held it for the purpose of examining the authorities which had been presented, and one of the counsel was to make an additional brief in the case. There is nothing of record showing when or where the decision was to be rendered, but there appears to us to be a preponderance of oral testimony to the effect that the judge then stated to the parties that he would decide the case in vacation, as soon as he reached a conclusion, and inform counsel of the result by letter. The term of Judge GREGORY expired on the thirty-first day of December, 1884. On the twenty-ninth of that month he prepared a written decision of the case at his home at Afton, by which he

ordered that the petition be dismissed. This decision was deposited in the office of the American Express Company at Afton, directed to the clerk of the circuit court at Clarinda. The package was billed from the office at Afton on the first day of January, 1885, and was received by the clerk of the court and filed on the next day. At what time it was delivered to 1. JUDGMENT: the express company at Afton does not appear. presumption of regularity. We think it is fair to presume, however, that it was deposited in the express office at Afton before the expiration of the term of office of the judge. Any other presumption would in effect be holding that the act of making the decision was a wrongful usurpation of judicial power, and the law does not presume that persons do wrongful acts.

Two questions arise on these facts:

I. It is claimed by appellant that the decision is a nullity, because, while it was stipulated that the cause should be 2. ——: stip- *heard* at Afton, there was no agreement that it ulation as to place of hear- should be decided in vacation. But we think ing: place of decision. that the conduct of the parties amounted to an agreement that the cause should be decided in vacation. All of the evidence was submitted at Afton. Two terms of the court were held at Clarinda, after the cause was submitted at Afton and before the expiration of the term of office of the judge. None of the parties took any steps to have the decision made at either of these terms; and, as the judge and all the parties knew that after the last term at Clarinda the only decision of the case which could be made by the then acting judge must be made in vacation, it should be held that such was the agreement and understanding of the parties. The case is very much like *Myers v. Funk*, 51 Iowa, 92, where such an agreement was inferred from the acts of the parties. It is not claimed that the cause was not fully and fairly presented; and, as it was an action in equity, the objection that a decision was not rendered by the judge in open court should not be entertained in view of all the facts and circumstances in the case. And it will be observed that the

written stipulation provides that the case shall be *heard at Afton*. The trial of a chancery suit is called a *hearing*, and, technically considered, this includes, not only the introduction of the evidence and the arguments of the solicitors, but the pronouncing of the decree by the chancellor. See 1 Bouv. Law Dict., 745.

II. It is urged that the decision was void because it was made after the expiration of the term of office of the judge. The argument is that the decision, made and reduced to writing at Afton before the expiration of the term of office, was not complete, and no decision could be made until the writing was actually filed and deposited in the clerk's office. In determining this question, regard must be had to the fact that the case was to be decided in vacation. The judge had all of the testimony and papers in the case at his home at Afton. As we understand it, they were sent to the clerk in the same package with his decision. It was not to be expected that he would make his decision at Clarinda in vacation, and with his own hands deposit it with the clerk. The expectation must have been that he would make his decision at his own home, where the evidence and files in the case were. But, wherever made, there must be some means of transmitting it to the clerk at Clarinda. Now, we think the decision was made when it was deposited in the express office at Afton. Under the agreement of the parties, it was as complete then as if there had been no agreement and the judge had entered a decision in his minutes in open court, because the parties agreed that the decision was not to be made at Clarinda.

It is argued that the decision was subject to recall at any time until it was filed, and for this reason the filing or depositing with the clerk was necessary to a complete decision. But it was not recalled, and this fact shows beyond question that it was a deliberate decision made and completed before the expiration of the term of office. A court has power to correct its records during the term; but because this

*3. ———: in vacation: when rendition complete.*

power exists, and because its exercise may materially change decisions made during the term, is no reason why judgments are not final and binding upon the parties from the day in the term on which they are rendered.

In our opinion, the order dismissing the motion to expunge the decree should be                                         AFFIRMED.

REED, J., *dissenting*.—I dissent from the holding by the majority of the court in the last paragraph of the foregoing opinion. In my judgment, the decision made by a judge in a cause which has been submitted to be determined in vacation is of no force or effect until it is deposited in the office of the clerk. Until that is done, it is subject to recall by the judge. But in this case the decision was not filed until after the expiration of Judge GREGORY's term of office. It is a judgment from that date; but at the time he was not a judge, and his decision is of no more force and effect than that of any other citizen would have been. The majority say that it is binding as a judgment from the time it was deposited with the express company to be transmitted to the clerk. I think that position is not sound; but, if it should be conceded, the record should have been expunged for the reason that it is not shown when that act was done. It was forwarded by the express company after the term of office of Judge GREGORY had expired; but the majority say that the presumption should be indulged that he did not assume to perform the duties of the office after the expiration of his term had expired. But I do not see upon what ground such presumption should be indulged. If we are to indulge in presumptions, it seems to me that we should presume, from our knowledge of the manner in which business is transacted, that the express company forwarded the package on the day on which it received it. That is the usual manner of transacting business of that character, and the fair presumption is that the present business was transacted in the usual way.

ADAMS, CH. J., concurs in this dissent.