GUTHRIE, TRUSTEE, v. GUTHRIE ET AL.

1. **Judgment**: IN VACATION: CONSENT. In an application by plaintiff for a discharge as trustee, where the court found that there was due from him a certain sum, an order that he pay the same was such an order as might be made in vacation by the consent of parties.

2. ———: ———: FILED AFTER EXPIRATION OF JUDGE'S TERM OF OFFICE: VALIDITY. Where an order was made by the judge in vacation and reduced to writing, and delivered to the defendants' attorney December 30, 1884, to be filed in the clerk's office, but he did not file it until January, 1, 1885, the day after the judge's term of office had expired, *held* (by a divided court) that the order was nevertheless valid. (Compare *Babcock v. Wolf*, 70 Iowa, 676.)

3. **Appeal**: WHEN IT LIES. An appeal lies to this court from a ruling sustaining a motion to expunge from the record an order for a trustee to pay an amount found due from him, on the ground that the order is invalid; for the effect virtually is to grant a new trial.

*Appeal from Jasper Circuit Court.*

THURSDAY, DECEMBER 23, 1886.

APPLICATION by plaintiff for discharge as trustee. The case was heard and determined by Hon. J. A. HOFFMAN, as

judge of the circuit court. The court held that there was due from the plaintiff, as trustee, the sum of $2,280.87, and ordered that he pay the same. The order was made in vacation; the same being reduced to writing on the thirtieth day of December, 1884, and delivered to the attorney of the defendant to be filed in the office of the clerk of the court. He delivered the same to the clerk on the first day of January, 1885. The term of office of Judge HOFFMAN expired on the day preceding. The clerk recorded the order. The plaintiff moved to expunge the order from the record, and the court sustained the motion. From the order sustaining the motion the defendant appeals.

*Alanson Clark,* for appellant.

*Cook & Patterson,* for appellee.

ADAMS, CH. J.—The motion to expunge the order from the record was based upon two grounds. In the first place, it was claimed that there was no consent to a decision of the case in vacation; and, in the second place, that the order was void because not filed in the office of the clerk until the term of office of the judge who made the order had expired.

As to the first point, we have to say that we think that the case was one which, by consent, might be determined in vaca-

1. JUDGMENT: in vacation: consent.

tion, and that the evidence shows that such consent was given. The judge evidently so understood it, and it appears to us that he was justified in so understanding it.

The question as to the validity of an order or decree reduced to writing, but not delivered to the clerk to be filed

2. ——: ——: filed after expiration of judge's term of office: validity.

until the term of office of the judge who made the order or decree has expired, is one upon which this court has not been agreed. But a majority of the court are of the opinion that the failure to deliver the order or decree to the clerk during the term of office of the judge who made the order or decree

does not render it invalid. *Babcock v. Wolf*, 70 Iowa, 676. Such being the ruling of the court, it must be held that the court erred in sustaining the plaintiff's motion to expunge the order from the record.

The appellee contends that an appeal does not lie from the order sustaining the motion, but we think otherwise. In

3. APPEAL: when it lies. sustaining the motion to expunge the order from the record, the court virtually granted a new trial. Code, § 3164, subd. 3.                    REVERSED.