Cadwell v. Dullaghan.

## CADWELL v. DULLAGHAN.

1. **Judgment**: EVIDENCE OF RENDITION AND TERMS OF. Parol evidence is not admissible to establish that a judgment was rendered, nor to prove its terms.

2. ———— : PARTY IN INTEREST : EVIDENCE. Where it was material to determine the rights between the parties, it was competent for plaintiff to testify that, by agreement between himself and defendant, a certain action was brought in his name for the accommodation of defendant, and that he (plaintiff) had no interest in the subject-matter thereof.

*Appeal from Harrison District Court.*—HON. G. W. WAKEFIELD, Judge.

FILED, MARCH 12, 1888.

ACTION to recover for money advanced by plaintiff in payment of taxes for defendant. The defendant pleaded a counter-claim. There was a judgment upon a verdict for defendant, from which he appeals.

*L. R. Bolter & Sons*, for appellant.

*Joe H. Smith*, for appellee.

BECK, J.—The answer of defendant denies the plaintiff's petition, and sets up as a counter-claim that he sold and conveyed to plaintiff certain land, in payment for which plaintiff assumed the payment of certain mortgages thereon, and delivered to defendant certain personal property, and conveyed to him certain real estate. The agreed values thereof did not equal

Cadwell v. Dullaghan.

the price of the land conveyed to plaintiff by defendant, but left a balance due him of two hundred and fifty dollars which he now seeks to recover upon his counterclaim. The contention in the case involves the question of the payment of this two hundred and fifty dollars. Plaintiff insists that it was paid by a mortgage executed by defendant upon lots purchased by him of plaintiff, which were reckoned as a part of the consideration for the land purchased of defendant. These lots were conveyed by defendant to one Evans, subject to the mortgage to plaintiff. Evans executed a mortgage on the lots to secure the purchase price, or a part of it. This mortgage was by the defendant transferred to one King. Before the commencement of this action the plaintiff brought an action to foreclose the mortgage executed by defendant, and a decree of foreclosure was entered therein. King brought an action against plaintiff to enjoin the enforcement of the decree of foreclosure on the ground that the mortgage had been paid. This case appears to have been tried, but no decree therein was entered of record. This statement of facts will serve to make intelligible the rulings of the court complained of by defendant, which we will now proceed to consider.

I. King was a witness on the part of plaintiff, and was permitted to testify, against defendant's objection, to the finding of the court, and the decree rendered in the action brought by him. He testified that the court found that the note and mortgage had been paid, and the decree of foreclosure was, therefore, void, and that the decree rendered in the case declared that the decree of foreclosure in the action brought by plaintiff be set aside. The evidence undoubtedly was to the prejudice of defendant. If the mortgage had been paid, the inference could be drawn that it was reckoned as a part of the consideration for the purchase of the land, and was discharged in that way. The evidence thus supported plaintiff's theory. Defendant insists that the two hundred and fifty dollars remains unpaid. If the mortgage remains unpaid, this

1. JUDGMENT: evidence of rendition and terms of.

Cadwell v. Dullaghan.

two hundred and fifty dollars could not have been paid by its satisfaction. It is plain that this evidence may have had weight in the minds of the jury, and influenced their finding on the issue. The evidence is clearly incompetent, for the reason that it is intended to show the judgment of a court by oral proof thereof, which of course cannot be done. It is not the case of evidence of a lost or destroyed record, as no evidence to establish such a foundation for its·admission was introduced. On the contrary, it is shown that no judgment was in fact entered of record. So the admission of the evidence is in fact an attempt, not only to show by oral testimony a judgment, but also that the judgment was rendered by the court. It should have been excluded.

II. The plaintiff was permitted to testify that the action to foreclose the mortgage was brought in his name, under an agreement with defendant, to the end that the property which he had conveyed to Evans should be held subject to the debt.

2. ——: party in interest: evidence.

The witness testified that he consented to this for defendant's accommodation, and that he had no actual interest in the note and mortgage. We know of no principle of the law which will forbid plaintiff from proving the contract between himself and defendant, and all the facts connected·with the transaction. As between the parties, no estoppel is raised. The testimony simply shows that plaintiff was acting as a trustee for defendant, who was to take all the benefits of the action. The transaction is not of unusual character, and is certainly not forbidden by the law. Plaintiff, as between himself and defendant, may show this agreement, and all things done in accord with it. Defendant's objection to the evidence cannot be sustained. Other objections need not be considered. They are mainly directed to rulings upon the admission of evidence, which will not probably occur again.

For the error pointed out in the first point of this opinion the judgment of the district court is

REVERSED.