MINNIE M. WINTER, Appellant, v. ANDREW COULTHARD, SHERIFF OF HARRISON COUNTY, IOWA.

**Judgment: INJUNCTION.** An execution, issued when the only evidence of a judgment is an entry on the judge's calendar and a judgment entry filed by counsel for approval by the judge, is void.

SAME. That a valid judgment is rendered later, does not affect proceedings then pending, to enjoin the void execution.

**Practice on Appeal.** A court may suspend its judgment dissolving an attachment, to preserve the *status quo* pending appeal from the dissolution.

*Appeal from Harrison District Court.*—HON. A. VAN WAGENEN, Judge.

FRIDAY, APRIL 5, 1895.

Plaintiff states as her cause of action, in substance, as follows: That she is the owner of lots 9 and 10 in block 48 in the town of Woodbine, in said county. That on the twentieth day of April, 1893, defendant served notice on her that, by virtue of three executions issued by the clerk of the district court of said county in the cases entitled, he had levied upon said lots as her property, and advertised the same to be sold. Plaintiff alleges that at no time prior to the commencement of this action, May 18, 1893, had there been any judgment against her in favor of the parties named which in any manner allowed the issuing of said executions. She asked that the defendant be restrained and enjoined from proceeding further with said writs of execution. An injunction was allowed and served, and thereafter the defendant answered, in substance, as follows: That on April 4, 1893, at the March term of the district court of said county, there were three judgments

rendered against the plaintiff and one S. L. Winter in favor of parties named and for the amounts named; that said judgments were based upon the foreclosure of a mortgage executed by plaintiff and S. L. Winter on said lots, and that on the eighteenth day of April, 1893, the clerk issued and delivered to defendant three special executions, in which he was directed to levy upon and sell said lots, and that he was proceeding thereunder until enjoined. Defendant asked that the temporary injunction be dissolved, and that the costs be taxed to plaintiff. With this answer defendant moved to dissolve the injunction, and thereafter the cause was heard, and on November 17, 1893, judgment entered as follows: "Dismissing the petition of plaintiff, and sustaining the defendant's motion to dissolve the temporary injunction, and dissolved the same; to which ruling and judgment the plaintiff at the time excepted, And at the same time the court made and entered an order suspending and staying the aforesaid judgment, pending an appeal to the supreme court, conditioned that the plaintiff, within the period of fifteen days thereafter, serve her notice of appeal, and file with the clerk a supersedeas bond in the sum of $500, with sureties to be approved by the clerk; to which order the defendant excepted." Plaintiff appeals.—*Reversed.*

*S. I. King* for appellant.

*John A. Berry* for appellee.

Given, C. J.—I.   The facts concerning the rendering of said judgments are these:   At some time during the latter part of March term, 1893, of the district court in and for Harrison county, entry was made by the

judge presiding in his calendar for judgments in said causes, the precise date of which does not appear. On a day between the making of said entry and before the adjournment of the term, and before the eighteenth day of May, 1893, decrees were prepared for entry in said causes, and handed to the clerk. It seems to have been the practice of the clerk to place the entries on the journal in the order of their date, and, as there were entries to be made of prior date, he placed these decrees in the vault with others to be entered in their order. He says this occurred a month prior to May 18, 1893. These decrees were not approved by the judge and entered of record until after the commencement of this action and the issuing of the injunction herein. The three special executions under which the defendant was proceeding were issued and delivered to him on the eighteenth day of April, 1893. It will be observed that at that date the only evidence of the judgments upon which the executions were issued was the minute in the judge's calendar and the forms of decrees prepared by the attorneys and left with the clerk for the approval of the judge, and for entry upon the journal. These forms of decrees were approved by the judge, and duly entered after the commencement of this action, and, as no appeal was taken therefrom, the judgments stand unquestioned. The contention is not as to the validity of the judgments but simply as to the validity of these three special executions under which the defendant was acting.

II. If at the time these executions were issued, April 18, 1893, there were no judgments against plaintiff, then, clearly, the issuing of the execution was unauthorized, and they are void. At that date the only evidence of these judgments was the minute on the judge's calendar and the then unapproved forms of decrees furnished by the attorneys to the

clerk. This court has repeatedly and uniformly held
that the judge's calendar constitutes no part of the
record of the court, and that minutes made by the judge
thereon do not constitute a judgment. See *Traer v.
Whitman*, 56 Iowa, 443; *Balm v. Munn*, 63 Iowa, 642.
Surely, the unapproved forms of decrees furnished to
the clerk did not constitute judgments against the
plaintiff, such as to authorize the issuing of execution
thereon. Whether they would have so authorized, if
approved by the judge, we do not determine, as that
question is not involved in the case. In the *Case of
Balm, supra*, as in this, no entry of judgment was made
before execution was issued, and none was entered until
after this action was commenced. In that case it is
said: "There can be no judgment until it is entered in
the proper record of the court. It cannot exist in the
memory of the officers of the court, nor in memoranda
entered upon the books, not intended to preserve the
record of judgments. Code, section 2864; *Case v. Plato*,
54 Iowa, 64. It is not competent to prove a judgment
in any other way than by the production of the proper
record thereof. There being no valid existing judg-
ment when the execution was issued, it was void,"—cit-
ing cases. "It follows that the levy of the execution
conferred no right upon the sheriff to hold the prop-
erty." It seems to us clear, under the ruling in this
case, that there were no judgments against the plaintiff
in favor of the parties named at the time these execu-
tions were issued, and that their issuance was unau-
thorized, and that they were void, and conferred no
right upon the defendant to hold the property.
It is true that the judgments were rendered prior
to the determination of this case, which now
stand as valid judgments against the plaintiff, and
upon which the judgment plaintiffs are entitled to exe-
cution. We do not think, however, that this fact can

relate back so as to render the executions in question valid, or as to authorize the defendant to proceed thereunder. By those judgments the plaintiffs therein were decreed to have liens upon the lots in question by virtue of their mortgage, and their remedy was ample by special execution upon their judgments after they became legally entitled thereto. We are not referred to any authority or principle upon which we would be warranted in holding that the subsequent entry of the judgments relates back so as to legalize these executions. Our conclusion is that the defendant should be restrained from proceeding further under said void executions. The order of the court suspending its judgment, dismissing the petition, and dissolving the injunction, pending an appeal, was made to preserve the *status quo*, and saved the appellant from the necessity of applying to this court for such an order. Without such an order, the purpose of the appeal would be defeated by a sale of the property. For the reasons stated, the judgment of the district court is reversed, and the case remanded for judgment in conformity with this opinion.—*Reversed*.