### ISAAC LANDT v. H. M. REMLEY, Judge.

**Mulct Law:** COMPLIANCE WITH CONDITIONS. *Contempt.* Where contempt proceedings are instituted against defendant for selling liquor in violation of an order enjoining sales contrary to law the defense that subsequent sales were under the mulct law should not be sustained on proof that sales were made prior to a compliance with Code, section 2448, requiring the filing of the consent of the adjoining property owners.

**Modification of Injunction in Vacation:** WAIVER OF OBJECTION. Where plaintiff was served with notice of an application in vacation time to modify an order of injunction, and appeared and resisted, he thereby consented to the authority of the court to modify the order in vacation, and cannot afterwards raise that question.

### *Certorari to Cedar District Court.*

### FRIDAY, APRIL 12, 1901.

ON the fourteenth day of November, 1899, an injunction issued from the district court of Cedar county restraining L. S. and F. D. McConkie from selling intoxicating liquors in violation of law, and restraining John Lower from leasing a certain building for the sale of intoxicating liquors therein. January 8, 1900, the restraining order as to Lower was modified by the judge in vacation, permitting the use of the premises for the sale of intoxicating liquors under the provisions of the mulct law. On the eleventh day of January, 1900, the said McConkies opened a saloon in the building in question, and commenced the sale of intoxicating liquors therein, and claimed that before so doing they had complied with the provisions of the mulct law then in force in Tipton and Cedar county, and were selling lawfully. On the fifth day of February, 1900, the plaintiff filed in the district court an information charging the McConkies and Lower with a violation of the injunction and asking that they be punished therefor. Afterwards, upon a trial of the

contempt proceedings before Judge Remley, the defendants. were discharged. This is a certiorari to determine the legality of the court's action therein.—*Annulled*.

*Isaac Landt* in *pro per.*

*T. B. Hanley* and *Wright & Wright* for defendant.

SHERWIN, J.—When the injunction was granted, the defendants supposed the mulct law was in force in Tipton; but the court held that it was not, and that sales of intoxicating liquor made by the McConkies were illegal. Afterwards, and before the attempted modification of the order, the mulct law became operative in Tipton, and the defendants McConkie paid the required tax, and had authority from the city council to sell intoxicating liquor under the law. It is contended that the judge had no authority to modify the injunction order as to the use of the premises in vacation. This, we think, would be true as an abstract proposition, but in this case the plaintiff, after service of notice of the application to modify the order, appeared and resisted it, not, however, on the ground of want of jurisdiction, as this question does not seem to have been raised. We see no reason why the plaintiff might not have consented to the modification of this order in vacation, and believe his appearance and submission of the question to the judge on its merits should be held to show his consent thereto. *Myers v. Funk*, 51 Iowa, 92; *Babcock v. Wolf,* 70 Iowa, 676; 12 Enc. Pl. & Prac., p. 129. The defendants McConkie were enjoined from continuing the sale of liquors contrary to law. This is all the statute under which the injunction issued provides for. By complying with the mulct law then in force in Tipton, they might lawfully sell intoxicating liquor; and if they did no more than this, they would not be guilty of contempt, for there would be no violation of the injunction. But, on the other hand, if they made sales in violation of law, or if they made sales before complying

fully with the terms of the law which they plead as a bar, they would be guilty of a violation of the injunction and hence guilty of contempt. *Hawks v. Fellows,* 108 Iowa, 133. The court below found against the claim of the plaintiff that the defendants' place of business did not comply with the law, and that sales were in violation thereof, on account of the parties who bought, and with this finding we are disposed to concur. The record shows conclusively, however, that sales began on the eleventh day of January, 1900, and that the statement of consent of adjoining property owners was not filed, as required by Code section 2448, until January 20, 1900. The provisions of the mulct law can be interposed as a successful bar to a prosecution under the prohibitory law, only when it is shown by the defendant that he has brought himself within those provisions. *State v. Van Vliet,* 92 Iowa, 476. The filing of this statement of consent is a condition precedent to doing business. It is as strictly required by the statute as is the statement of consent filed with the county auditor and the resolution of the city council, and, until it was filed as required by law, the defendants acquired no right to the protection of the law invoked. See *State v. Greenway,* 92 Iowa, 472. It follows, therefore, that the sales concededly made between the eleventh and twentieth of January were illegal, and constituted a violation of the injunction. The finding of the district court is annulled, and the case remanded for further action in harmony with this opinion.—Annulled.