L. S. McConkie *et al.*, Plaintiffs, v. The District Court of Cedar County, Iowa, and Isaac Landt, Defendants.

Violation of Liquor Injunction: REVIEW OF EVIDENCE ON APPEAL. In proceedings for contempt for violating an injunction restraining defendants from the sale of liquors contrary to law, defendants claimed they had complied with the mulct law by procuring and filing the written consent of adjacent property owners before the sales. The sales commenced January 11, 1900. The consent was indoresd as filed January 20th. The auditor testified that the papers were all filed at the time indicated by the filing marks on the back of each. A witness for defendants testified that in September, 1899, he placed the consent in an envelope, and handed it to one of the defendants, and told him to file it in the auditor's office, and he immediately went in that direction. This defendant swore that he received the papers in an envelope and left them with the auditor on or about September 20, 1899. *Held*, that a finding that the consent was not filed until January 20, 1900, was justified.

Reversal and Remand:  *Consideration of supplemental evidence on retrial.*   Where, in a proceedings for contempt for violating an injunction against the sale of liquors, the defendants were found not guilty, and the supreme court on certiorari reversed such finding, and on rehearing in the district court supplementary evidence was received, it was the duty of the court to consider and decide on the evidence received on both hearings.

Tuesday, May 27, 1902.

*Proceedings in certiorari.—Dismissed.*

*Jamison & Smyth* for plaintiffs.

*Isaac Landt* for defendants.

Weaver, J.—The plaintiffs herein were brought before the district court of Cedar county, Iowa, upon charge of contempt in violating an injunction issued by said court restraining them from selling intoxicating liquors in violation of law. Upon the hearing they were adjudged guilty, and a fine imposed, and the proceeding was transfered to this court by *certiorari.*

This controversy, or at least one feature of it, was before this court in *Landt v. Remley*, 113 Iowa, 555. It appears that upon the original hearing of the charge of contempt the district court found the plaintiffs herein not guilty, and ordered them discharged. Upon *certiorari* sued out by the complainant in the contempt proceedings that order was reversed by this court. The question as there presented was whether the present plaintiffs had complied with the requirements of the mulct law at the time of the sale of liquors complained of, and upon examining the record we found it conclusively shown that the business of making such sales was begun on January 11, 1900, and that the necessary consent of adjacent property owners was not filed with the county auditor as required by law until January 20, 1900. Upon such finding

we directed that the order of the district court discharging these plaintiffs be "annuled, and the case remanded for further action in harmony with the decision of this court." Thereafter, the district court having called up said proceedings for disposition as indicated by the remanding order, the plaintiffs herein appeared, and demanded the right to introduce further testimony upon the matter of their alleged contempt. Over the objection of the complainant, such testimony was taken. Certain witnesses were then examined, by whom it was sought to be shown that the written consent of the resident owners of property within 50 feet of the saloon in controversy was in fact deposited with the auditor some time before the date of the filing as shown by the records of said office, and before the sales upon which the charge of contempt is based. After hearing said testimony, the court entered the judgment of guilty upon which the present *certiorari* proceedings are based as hereinbefore stated. The petition for the writ of *certiorari* is based upon the proposition that there was no evidence before the district court that plaintiffs had in any manner violated the injunction against illegal sales of liquors; that plaintiffs at the date of the alleged sales had fully complied with the conditions of the mulct law, and especially that the written consent of the adjoining property owners, while not formally "filed," was in fact deposited with the county auditor before said sales were made. The question raised by the plaintiffs is one of fact alone,— did the testimony before the district court justify the finding of guilt? Waiving, for the purposes of this case, the question whether the mere weight or sufficiency of evidence can be inquired into in a proceeding of this kind, we have to say we think the judgment of the district court has abundant support in the record. The hearing which was had in that court after the remanding order in *Landt v. Remley, supra,* was supplemental only. It was not in any sense a new trial, and the court not only

had the right, but was in duty bound, in rendering its judgment, to take into consideration all the evidence produced both upon the original and supplemental hearing.  As we have already seen, the evidence upon the first hearing was such that we found the contempt conclusively established, and an examination of the additional testimony offered by plaintiffs upon the second hearing does not seem to modify that conclusion.  The additional testimony may be briefly stated as follows:  One Porter testifies that in September, 1899, he placed the written consent of the property owners in an envelope, handed it to the plaintiff McConkie, and told him to file it in the auditor's office.  He further states that, after receiving the paper, McConkie left him, and went away in the direction of the court house.  McConkie himself swears that he received the envelope containing the papers from Porter, and left them at the auditor's office, on or about September 20, 1899.  It is admitted, however, that the consent as shown by the auditor's record was filed January 20, 1900.  That record, if not conclusive, is at least presumptively correct. On the original hearing the county auditor testified "the papers were all filed at the time indicated by the filing marks on the back of each."  This statement by the official whose duty it was to make the record, added to the strong presumption of truth which attaches to the record itself, makes a case which cannot be shaken by the unsupported statement of an interested party that he actually deposited the paper in the office at another and earlier date.  The fact that this feature of the defense was not urged until after this court had expressed its opinion upon the case as then made, gives its subsequent presentment the appearance of an afterthought, and materially detracts from its effectiveness.  But whether we take into consideration the entire record as made upon both hearings, or confine ourselves to the supplemental hearing, we think the judgment of the district court is right.

The writ of *certiorari* is DISMISSED.