H. B. Harmon, Trustee, Appellant, v. Hutchinson Ice Cream Company, Appellee.

No. 41729.

April 4, 1933.

J. E. Jordan, for appellant.

Donnelly, Lynch, Anderson & Lynch, for appellee.

Donegan, J.—At the outset of this case, we are confronted with a motion to dismiss filed by the appellee. The third ground of this motion, which we believe to be the only ground necessary to consider, is as follows:

"3. Appellant's abstract fails to disclose any judgment rendered against appellant from which this appeal is taken, and there is no jurisdiction of this Court in the absence of such showing."

This motion to dismiss was served upon the appellant on the 25th day of January, 1933, and the hearing in this case was at the February sitting which began on the 7th day of February, 1933. The appellee has therefore taken the requisite steps in order to present its objections to the jurisdiction of this court to entertain the appeal.

In order that we may have an exact understanding of the record, we believe it advisable to set out the portions of appellant's abstract and appellee's denial and amendment to such abstract, which have to do with the decision and judgment of the court upon which this appeal is based.

According to the record, the case was tried on the 11th day of January, 1932. The proceedings subsequent to the trial, as shown by appellant's abstract and appellee's amendment to abstract, are as follows:

"On the 23d day of January, 1932, decision in the above matter was rendered by the Hon. R. W. Hasner, in which the Court makes five findings, findings three and four being as follows:

"Decision.

"Par. 3. That the certain instrument entitled a 'Trust Deed,' a copy of which is attached to the plaintiff's petition and the original of which was introduced in evidence, under which the plaintiff claims title to the certain Eight Hole Frigidaire Cabinet in question in this case, and claims right to possession thereof, was not executed as or intended as an instrument of security to the plaintiff or to creditors of H. Schrunk, but was intended to be in fact an assignment for benefit of creditors by said H. Schrunk; and the Court finds, determines and decides that said instrument was and is a purported and intended assignment for benefit of creditors by H. Schrunk, that it is contrary to and in violation of the statutes of the State of Iowa relating to such assignments, and that it is void; and the Court further finds, determines and decides that the plaintiff is not entitled to the possession of said Eight Hole Frigidaire Cabinet under and by virtue of said void instrument.

"Par. 4. That the defendant was entitled to possession of said Eight Hole Frigidaire Cabinet under its conditional sales contract as alleged in the defendant's answer, a copy of the conditional sales contract between the defendant and H. Schrunk being attached to the answer and the original of the same being introduced in evidence; that the defendant did under said instrument repossess said cabinet; and the defendant was at the time of the commencement of this action and now is lawfully entitled to the possession of said cabinet.

"Paragraph No. 5. The Court further finds, determines and decides that the value of said Eight Hole Frigidaire Cabinet is the sum of $325 as alleged in the petition and as admitted in the answer.

"It is ordered by the Court that the defendant shall, on or before January 30, 1932, file herein its election to take judgment either for the return of the property or for its value. January 23, 1932.

"Plaintiff excepts.

"R. W. Hasner,
"Judge of the 10th Judicial District of Iowa.

"That on the 28th day of January, 1932, the Hutchinson Ice Cream Company filed with the Clerk of the District Court of Delaware County its election to take a money judgment, a copy of which election is as follows:

"Comes now the defendant, Hutchinson Ice Cream Company and pursuant to order of Court adjudging that the defendant was entitled to take judgment either for the return of the property or for its value, now makes and files its election to take money judgment for the sum of Three-Hundred Twenty-five ($325.00) Dollars, and the costs of this action.

"Hutchinson Ice Cream Company,
"Defendant.
"By Donnelly, Lynch, Anderson & Lynch,
"Its Attorneys."

"On March 21, 1932, judgment in favor of defendant, Hutchinson Ice Cream Company, and against United States Fidelity and Guaranty Company of Maryland, in the sum of $325.00 and costs, was rendered, entered and duly recorded."

It will be seen from the portions of the record above set out that the appeal is taken from "the judgment and order of the court rendered in favor of the defendant at the January term of said court, on or about the 11th day of January, 1932." A further examination of the record will show that no judgment of any kind was entered in the month of January, 1932. On January 23, 1932, what is designated as "decision" was, according to appellant's abstract, rendered by Hon. R. W. Hasner. We believe that this was not such a final judgment or order as can be appealed from. So far as the record goes, it does not even state that this decision was filed in the court, much less that it was entered of record as a final judgment. The only judgment which the record shows to have been entered in this case was, as shown by appellee's amendment to abstract, the judgment in favor of the defendant, Hutchinson Ice

Cream Company, and against the United States Fidelity and Guaranty Company of Maryland, in the sum of $325 and costs, which "was rendered, entered and duly recorded," on the 21st day of March, 1932. That judgment was not against the appellant, and he could not, therefore, appeal therefrom. Moreover, that judgment was entered March 21, 1932, and the notice of appeal states that it is from the judgment and order rendered on or about the 11th day of January, 1932.

 It seems to be definitely settled that, in order to be appealable, a final judgment or decree must be entered of record. The decision set out in appellant's abstract, and which contains the findings of the court, was not rendered on the 11th day of January. This decision shows plainly that it is a mere statement of findings, and does not contain any order or judgment. Moreover, appellant's abstract merely states that "decision was rendered by the Hon. R. W. Hasner", and there is nothing to show that such decision was either filed or recorded, and, so far as the record shows, it was not recorded.

In the case of Martin v. Martin, 125 Iowa 73, 99 N. W. 719, the judge who tried the case had prepared a form of decree reciting the proceedings in the case, the results arrived at, and the final order and decree. This decree was signed by the judge and filed with the clerk, but not recorded. In that case we said:

"Appellees contend that this does not show the entry of any decree from which an appeal may be taken. This contention seems to be sound. For some purposes a judgment or decree is held to have been made when the decision is announced by the judge or other presiding officer, or when reduced to writing and signed by the judge. See Coffey v. Gamble, 117 Iowa 548, 91 N. W. 813; Mentzer v. Davis, 109 Iowa 528, 80 N. W. 557; Babcock v. Wolf, 70 Iowa 676, 28 N. W. 490; Shenandoah Nat. Bank v. Read, 86 Iowa 136, 53 N. W. 96; Guthrie v. Guthrie, 71 Iowa 744, 30 N. W. 779. But this is not true as to judgments or decrees *from which appeals may be taken to this court.* The Code contains no provision relating to judgment forms signed by a judge, and they amount to no more than directions for judgment. They may, in some cases, be considered as evidence that a judgment or decree has been ordered, but a judgment or decree is not rendered until entered of record as provided by statute. That no appeal can be taken from

a form of decree signed by the trial judge, even though it be filed with the clerk, see Kennedy v. Bank, 119 Iowa 124, 93 N. W. 71, and the many cases cited therein. Until judgment forms, signed by the judge, are recorded, they are nothing more than directions to the clerk to enter the judgment in the form in which it is approved." (Italics are writer's.)

See, also, Callanan v. Votruba, 104 Iowa 672, 74 N. W. 13, 40 L. R. A. 375, 65 Am. St. Rep. 538; Kennedy v. Citizens National Bank, 119 Iowa 123, 93 N. W. 71; Cadwell v. Dullaghan, 74 Iowa 239, 37 N. W. 178; Winter v. Coulthard, 94 Iowa 312, 62 N. W. 732; Miller v. Wolf, 63 Iowa 233, 18 N. W. 889.

The decision of the trial court which was entered in January not being a judgment or decree from which an appeal could be taken, and the judgment which was entered in favor of the defendant not being against the appellant, there is no judgment of record upon which the appeal in this case can be based.

Appellee's motion will therefore be sustained, and the appeal will be dismissed.

All Justices concur.