KAISER, Respondent, vs. BETTER FARMS, INC., Appellant.

*September 11—October 22, 1946.*

*A. D. Sutherland* of Fond du Lac, for the appellant.

For the respondent the cause was submitted on the brief of *Fellenz & Schneider* of Fond du Lac.

WICKHEM, J.   The principal question here is whether under all the facts of the case plaintiff was entitled to a bonus promised in writing by defendant.

Defendant operated a farm of some three thousand acres. Plaintiff was employed by defendant as a mechanic with the understanding that he could be assigned to work in the fields. Plaintiff commenced working for defendant in 1934.   He had no written contract of employment, was paid by the month, docked for any days that he did not work, and there was no specific period of employment.   For a number of years prior to 1944 he had worked Sundays and legal holidays without overtime payment, but beginning in 1944 was paid overtime for Sunday work.   In 1944 defendant sent the following letter to plaintiff:

"June 28, 1944.

"To BETTER FARMS EMPLOYEES:

"At this time when we are trying to operate our dairy barns, and get our field work done with a shortage of help, we realize that everyone must work longer hours and also much harder than in normal times.

"In consideration of that fact if you will put forth every effort to co-operate with us in getting the work done, and are still in our employ January 1, 1945, a bonus of $50 will be paid to you.

> "Sincerely,
> "BETTER FARMS, INC.,
> "CLARE F. FILIATRAULT, President."

Plaintiff worked from the time of receiving this letter until after January 1, 1945, working overtime, holidays, and in every respect but one, fully satisfying the employer. On July 3, 1944, there had been cut on the farm approximately one hundred acres of alfalfa. The foreman ordered plaintiff and all of the help to work on July 4th. Plaintiff inquired whether he was to get overtime, and upon being told that he was not, laid off on July 4th. Some nine other men also failed to report on that day for work. In ordering plaintiff to work on July 4th the foreman intimated that those who did not work might forfeit their bonuses. The foreman testified that when plaintiff returned to work he remarked that it was an expensive holiday since he would lose his day's pay and bonus. No further reference to the bonus was made during the balance of plaintiff's employment, that is, from July 4th to the middle of January, 1945, and during this time plaintiff worked every day except Thanksgiving when defendant permitted him the day off because of a slackening of the work. On July 5th there was a heavy rainfall, according to the testimony, and the hay was damaged. Since ten men customarily worked in the hayfield, defendant attributes one tenth of the damage to the hay to plaintiff and seeks in its counterclaim to recover this amount.

Defendant contends that the agreement above quoted required that plaintiff put forth every effort to co-operate with defendant to get the work done; that this meant working Sundays and holidays until January 1st, as well as remaining in defendant's employ for that period; that the failure of plaintiff to work on July 4th was an important want of co-operation

and caused him to fall short of the sort of performance upon which the bonus was conditioned. It is also contended that plaintiff thereby breached his contract of employment and rendered himself liable for damages sustained by defendant as a result of the rain on July 5th.

The municipal court sustained defendant's position. The circuit court took the view that since plaintiff in every other respect satisfied the calls of the bonus offer, and since defendant had not informed him that he had forfeited it, and had permitted plaintiff to work during the six months following July 4th, plaintiff must be considered to have substantially performed the conditions of the bonus offer, and that defendant is estopped to insist upon the default of July 4th or has waived it.

It was the view of the circuit court that plaintiff was in an indeterminate employment, and that he committed no breach of his contract of employment by laying off July 4th; that it was the understanding that he was to be paid for every day that he worked; that the understanding of the parties was demonstrated by the fact that defendant was docked for July 4th when he did not work, and that plaintiff had no contractual obligation to wok on any particular day. The circuit court further held that the damage to the hay by rain was a remote, rather than a proximate, result of plaintiff's failure to report on July 4th.

Defendant raised the question whether plaintiff had any standing to resist the counterclaim, inasmuch as no formal reply to the counterclaim was filed. The circuit court ruled against defendant upon this point.

As to the procedural question stated in the preceding paragraph, there is some argument in the briefs as to whether justice court practice applied, and whether if it did, there is such a thing as a reply to a counterclaim in justice court practice. Defendant contends that the municipal court of Fond du Lac county is a court of record, and that sec. 263.19, Stats..

governing pleadings in courts of record, requires the filing of a reply upon penalty of admitting the facts of the counterclaim. We shall not investigate or decide this portion of the controversy. In *My Laundry Co. v. Schmeling,* 129 Wis. 597, 614, 109 N. W. 540, it was said: "The trial proceeded from the beginning to the end upon the theory on both sides that the allegations of the counterclaim were in issue. That was a waiver of any formal reply." This appears to us to settle the matter against defendant's contention.

We are of the view that the circuit court properly held that due to plaintiff's undeterminate employment he committed no breach of his contract of employment by not appearing for work on July 4th; that he worked and was paid by the day and was simply subject to being docked for the days that he did not work. It follows that the counterclaim must fail and we see no occasion to examine defendant's claim that the damage to the hay was a proximate result of plaintiff's failure to report on July 4th.

The principal question in the case is whether plaintiff substantially performed the conditions of the bonus. According to the rule laid down in *Zwolanek v. Baker Mfg. Co.* 150 Wis. 517, 137 N. W. 769, substantial compliance with the terms of the offer is sufficient and the offer may not be arbitrarily withdrawn when to do so would perpetrate fraud upon those who in good faith attempted to perform the service. The precise question in this case is whether plaintiff's refusal to work on July 4th because he thought he ought to have overtime for that day is sufficient to make his performance something less than substantial. On the part of defendant, it is argued with considerable force that the hay was down; that there were possibilities of rain, and that plaintiff knew or should have known the importance of getting in the hay, and that the default was so substantial as to prevent plaintiff's performance from being so.

Two factors lead us to reject this contention. In the first place, this was plaintiff's only default—the only instance in

which it is even hinted that plaintiff did not fully measure up to the requirements of the bonus. He worked long hours, as well as Sundays and holidays. He performed his tasks with efficiency and competency for all but a single day out of a period extending more than six months. Quantitatively, his performance appears to us to have been substantial. Further than this, the 4th of July incident occurred during the early part of the bonus period and while the foreman intimated before the 4th of July (evidently as a part of the process of persuading plaintiff to work on that day) that he might otherwise forfeit his bonus, no comment was made upon his return to work and he was never notified that he would not receive the bonus until after the bonus period had expired. This indicates either, (1) that defendant at the time did not regard the default as substantial, or (2) that because of the need for plaintiff's continued work and co-operation during the balance of the year defendant kept from plaintiff its view that the latter had disqualified himself to receive the bonus. It is of importance that the offer, which contemplated acceptance by performance, was never withdrawn. Further than this, it ought to be pointed out that plaintiff's failure to work on the 4th of July arose out of a difference of opinion between plaintiff and the foreman as to whether plaintiff was entitled to overtime for that day. It is not important for us to determine that plaintiff was right in his contention, but it is evident from the record that he made the contention in good faith, and that his failure to work did not have the quality of wilfulness which is sometimes said to prevent performance from being substantial. See 3 Williston, Contracts (rev. ed.), sec. 842.

For the foregoing reasons we are of the view that the circuit court properly disposed of the matter and that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.