[No. 38889. Department Two. September 7, 1967.]

BRADLEY J. CARD et al., Respondents, v. WESTERN FARMERS ASSOCIATION, Appellant.*

*Reported in 431 P.2d 206.

*Merrick, Douglas & Burgess* and *H. Roland Hofstedt,* for appellant.

*Richard C. Smith* (of *Smith, Scott & Morthland*), for respondents.

NEILL, J.—Bradley J. Card and his wife commenced this action against Western Farmers Association to recover damages due to loss of poultry and egg production allegedly caused by the unfitness of chicken feed sold by defendant to plaintiffs. Defendant answered the plaintiffs' complaint and counterclaimed for money due and owing from the plaintiffs for feed and supplies sold to plaintiffs. Plaintiffs did not reply to the counterclaim but did serve interrogatories on the defendant requesting a full and accurate statement of all accounts making up the alleged indebtedness and also asking that the defendant furnish the plaintiffs with the amount of funds belonging to plaintiffs which were held by the defendant in reserves or otherwise.

The case was brought on for hearing November 22, 1965, and, at the conclusion of plaintiffs' case, the same was dismissed by the trial court. Trial of the counterclaim was commenced on November 24th, continued to December 6th. After the second hearing was concluded and the case taken under advisement, the trial court dismissed the counterclaim.

Defendant makes five assignments of error:

1. The trial court erred in dismissing defendant's counter-complaint.

2. The trial court erred in denying defendant's motion for reconsideration.

3. The trial court erred in denying defendant's motion for new trial.

4. The trial court erred in making that portion of Finding of Fact III on defendant's counter-complaint which reads as follows:

"That there was no agreement between the defendant and the plaintiff concerning the making of such charges." (The 1% per month charge on that portion of the account overdue for more than 30 days).

5. The trial court erred in making Finding of Fact VI on defendant's counter-complaint which reads as follows:

"That there is insufficient credible evidence introduced in this cause to show that the plaintiffs were indebted to the defendant on any obligations incurred prior to the year 1963, or an amount thereof."

Assignments numbered 1, 2, 3 and 5 may be considered together, while assignment No. 4 is a separate matter.

At the time the counterclaim trial was held on November 24th, Western Farmers Association attempted to prove its case by oral testimony of matters which were a part of its business records. Objection was made that such testimony was not the best evidence and, upon motion of the defendant, a continuance was granted to December 6th, to give defendant an opportunity to present proper evidence. At the second hearing, Western Farmers Association did produce original invoices for supplies furnished to plaintiffs for the years 1963 and following, but again relied on the oral testimony of an employee of its credit department as to compilations showing the status of the Card account for the years 1954 through 1962. Such testimony was again rejected by the trial court as not constituting the best evidence. The debits and credits on the Card account for 1963 and following show a small credit balance so, absent competent proof of a balance owing from plaintiffs to defendant at the end of 1962, the dismissal of the counterclaim by the trial court was proper. Therefore, the primary issue before us is whether the defendant established a prima facie case of an indebtedness from the plaintiffs.

The trial court treated this matter as an open account and required evidence substantiating every transaction between the parties from 1954 forward. Defendant argues the matter is, through 1962, an account stated and that the plaintiffs did not dispute that there was some amount owing to the defendant. In its brief, defendant urges that

This argument is based upon the fact that there would be a failure of substantial justice if this appeal is dismissed. There is no dispute but that the plaintiff owes defendant some sum of money. A dismissal of this appeal would erase this obligation. Based on the circumstances of how this case arose and the record before this court,

defendants must be allowed the opportunity to establish the amount owed by plaintiffs to them.

Since plaintiffs did not reply to defendant's counter-complaint defendants were not put on any notice the plaintiffs were denying that they owed any money at all to defendants.

■ Defendant's position is that it now seeks another chance to prove its case. When the parties went to trial on a record wherein the counterclaim was not answered, defendant might have relied on Rule of Pleading, Practice and Procedure 8(d) (now CR 8(d)), and claimed the averments of the counterclaim were admitted, but when the trial was conducted entirely on the issues of the account, all such admissions were deemed waived and the trial court properly treated the case as if a general denial were in the record, thus putting at issue all of the material facts of the counterclaim. *Spangler v. Glover*, 50 Wn.2d 473, 313 P.2d 354 (1957). Therefore, defendant was put on notice that the plaintiffs were not admitting the obligation.

■ Defendant argues that, since there was no open dispute between the parties until the spring of 1963, the account became an account stated for all charges made prior to 1963. With this contention we do not agree. No evidence was presented at trial that plaintiffs agreed to any of the charges made prior to 1963. The language in *Shaw v. Lobe*, 58 Wash. 219, 221, 108 Pac. 450 (1910), is quite apropos:

> The mere rendition of an account by one party to another does not show an account stated. There must be some form of assent to the account, that is, a *definite acknowledgment* of an indebtedness in a *certain* sum. . . . True, assent may be implied from the circumstances and acts of the parties, but it must appear in some form. (Italics ours.)

During the trial, Mr. Card specifically stated that he did not owe Western Farmers Association the amount which they claimed was due and owing. He resisted every attempt of counsel to get him to admit to some certain sum. In short, there are no facts in the record on which to base any

implied consent to any indebtedness in a certain sum. A running account will not be elevated to the status of an account stated in the absence of some assent, either expressed or implied, to an indebtedness in a sum certain.

    ■ Even assuming that there is some amount owing from plaintiffs to defendant on the running account, the burden remains on the claimant (defendant) to prove by competent evidence the amount of such indebtedness with reasonable accuracy. *Fidelity & Deposit Co. of Maryland v. Standard Oil Co.*, 101 Ind. App. 301, 199 N.E. 169 (1936). The record here shows that, although Mr. Card had received monthly statements from defendant, these statements did not reflect such matters as reserves, patronage dividends, etc., and that, although the statements rendered to Mr. Card were, by his admission, "substantially correct," he would not admit to a certain (liquidated) balance because of claims he was making as to patronage dividends, reserve accounts and the like.

In view of our determination to affirm the judgment of the trial court in dismissing the counterclaim, defendant's fourth assignment of error is moot.

The judgment is affirmed.

FINLEY, C. J., ROSELLINI and HUNTER, JJ., and LANGENBACH, J. Pro Tem., concur.