**Charles D. THOMAS and Margaret E. Thomas, Plaintiffs–Appellees,**

**v.**

**GROOMS & CO. CONSTRUCTION, INC., Defendant–Appellant.**

**No. 88–1486.**

Court of Appeals of Iowa.

Oct. 5, 1989.

Richard C. Bauerle of Johnson, Bauerle, Hester & Walter, Ottumwa, for defendant-appellant.

Michael J. Manno of Cook, Gotsdiner, McEnroe & McCarthy, Des Moines, for plaintiffs-appellees.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Appellant appeals the district court's decision denying it judgment on its counterclaim. We affirm.

Prior to 1977 Charles and Margaret Thomas owned a house in Albia. In 1977 they decided to move to Ottumwa and by written agreement hired Grooms & Co. Construction, Inc., to build them a house there. By an amendment to the original agreement, Grooms agreed to accept as partial payment the equity of the Thomases' Albia house. However, this amended agreement was never notarized or recorded. The Albia house was encumbered by several mortgages. The record is silent as to what happened to the Ottumwa home.

The Thomases had no further contact with the Albia house until 1985. In that year they received a notice of past due real estate taxes on the house. They investigated and discovered that the Albia house was still shown on tax records as being in their names. They also discovered that the

Albia house was occupied by John and Pat Van Weelden, who claimed to have purchased the house on contract from Grooms Construction. Once again, however, no such contract transaction had ever been recorded.

The Thomases, in order to avoid a pending tax sale, paid the overdue real estate taxes and then claimed ownership of the Albia house. The Van Weeldens soon abandoned any claim to the house, leaving the Thomases in actual possession of the property. The Thomases then filed a petition for recovery of real property pursuant to Iowa Code chapter 646 against Grooms Construction. The Thomases sought primarily damages for Grooms' possession of the house after 1977 and its receipt of contract payments from the Van Weeldens.

Grooms filed a counterclaim seeking specific performance of the purported contract of sale transferring the Albia house from the Thomases to Grooms. In support of this request, Grooms alleged it had performed all of its obligations under the 1977 contract, such as building an Ottumwa house for the Thomases and assuming the Thomases' debts on the Albia house. In the alternative, Grooms' counterclaim sought title to the Albia house by adverse possession. The Thomases did not file a reply to appellant's counterclaim.

The case was tried to the court, which rejected the requests of both parties.

Grooms has appealed from that part of the district court order rejecting its counterclaim. (The Thomases have not appealed from the parts of the district court order adverse to them.)

Grooms contends the district court erred by concluding that Grooms was required to prove the facts to support its counterclaim, even though the Thomases had failed to reply to the counterclaim or deny its allegations. Grooms argues the district court should have held that the well-pleaded allegations of the counterclaim were deemed admitted by the Thomases' failure to respond.

We review on errors assigned. Iowa R.App.P. 4. The general rule is that a party's failure to answer or reply constitutes an admission of the facts well pled. Iowa R.Civ.P. 102; *see Palleson v. Jewell Coop. Elevator*, 219 N.W.2d 8, 17 (Iowa 1974); *Theobald v. Weber*, 259 Iowa 452, 456, 143 N.W.2d 418, 421 (1966); *see also Claeys v. Moldenschardt*, 260 Iowa 36, 45, 148 N.W.2d 479, 484 (1967). The corollary to this rule, however, is that "[w]here parties proceed to try an issue without raising any question as to reply, it amounts to consent to try the issue and it is rightfully in the case." *Olberding Constr. Co. v. Ruden*, 243 N.W.2d 872, 878 (Iowa 1976); *see Theobald v. Weber*, 259 Iowa at 457, 143 N.W.2d at 422; *Connell v. Hays*, 255 Iowa 261, 272, 122 N.W.2d 341, 347–48 (1963).[1]

Appellant did not raise appellees' failure to reply to its counterclaim prior to trial, nor did appellant move for default judgment or for judgment on the pleadings before trial. Instead, appellant proceeded to trial and submitted to the court for its determination those issues generated by their counterclaim as though appellees had filed a reply. In so doing, appellant waived its right to object to appellees' failure to reply to its counterclaim and put at issue the material facts of the counterclaim. *Cf. Olberding*, 243 N.W.2d at 878. Courts in several states have reached the same conclusion when confronted by similar fact scenarios. *See Hoffman v. Marcus Steel Co.*, 33 Ill.App.3d 1039, 339 N.E.2d 539, 544 (1975) ("Where a party introduces evidence at trial to support allegations made in a pleading, that party waives the right to object to his opponent's failure to reply to those pleadings."); *Negley B. Calvin, Inc. v. Cornet*, 427 S.W.2d 741, 747 (Mo.Ct.App. 1968) ("[D]efendant raised no objection to plaintiff's failure to file a reply, never moved for a default judgment or for judgment on the pleadings before trial, tried the case as though a reply had been filed, and submitted the issue of his claimed over-

---

1. We note that each of the cited cases involve the failure to reply to matters raised in the answer.

payment to the jury. There is abundant authority that by such conduct defendant waived the filing of a reply to his counterclaim and that the case should be treated as one in which a reply was filed."); *Card v. Western Farmers Ass'n*, 72 Wash.2d 45, 431 P.2d 206, 208 (1967) ("When the parties went to trial on a record wherein the counterclaim was not answered, defendant might have relied on Rule of Pleading, Practice and Procedure 8(d) (now CR 8(d)), and claimed the averments of the counterclaim were admitted, but when the trial was conducted entirely on the issues of the account, all such admissions were deemed waived and the trial court properly treated the case as if a general denial were in the record, thus putting at issue all of the material facts of the counterclaim."); *Barton v. Pauly*, 350 S.W.2d 748, 753 (Mo. 1961) ("But, in any event, defendant waived whatever rights she had by going to trial on the issue submitted as though a reply had been filed."); *see also Kaiser v. Better Farms, Inc.*, 249 Wis. 302, 24 N.W.2d 621, 623 (1946).

Therefore, we find no merit in appellant's assertion that the trial court erred in failing to consider the well-pled facts contained in the counterclaim to be deemed admitted. Furthermore, since the trial court found that appellant failed to prove the existence of a valid, enforceable contract between the parties, we need not consider the appellant's second issue on appeal. The decision of the district court is affirmed.

AFFIRMED.