LESTER THEOBALD, appellee, v. JAMES L. WEBER, d/b/a WEBER AIR SERVICE, appellant.

No. 52080.

454

June 14, 1966.

Rehearing Denied September 19, 1966.

L. V. Gilchrist, of Denison, for appellant.

Kindig, Beebe, McCluhan & Rawlings, of Sioux City, for appellee.

Garfield, C. J.—Following trial to the court plaintiff, who contracted to buy from defendant an airplane which was not delivered, recovered judgment for the down payment of $500 on the purchase price.

On October 24, 1963, plaintiff was engaged in aerial crop spraying and charter flying at Mapleton. Defendant had an agency at Denison and later in Sioux City for sale of Cessna airplanes. On the date mentioned plaintiff agreed to buy from defendant a Cessna 172 Skyhawk plane as described in a printed and signed purchase order at an agreed price of $10,786. It is admitted the plane was to be delivered during 1963, delivery was not made, and plaintiff made a down payment of $500 which defendant on demand refused to return.

Plaintiff and defendant were the only witnesses upon the trial. There is less conflict in their testimony than frequently occurs. Substantial evidence supports the facts herein recited.

The equipment listed in the purchase order did not include a radio which would have added several hundred dollars to the price of the plane. Plaintiff desired a plane in which no radio had been installed and defendant so understood. Plaintiff testified that in late November defendant told him he could not have the plane without a radio, the Cessna factory could not supply it without a radio. "I said cancel the order. He said we will cancel it." Plaintiff then repaired and made commitments to repair the three planes he had.

Defendant's testimony is he told plaintiff in November he could not get a plane that soon without a radio, the plane plaintiff ordered was not available, he asked if plaintiff wanted "that one" and was told he did not. While defendant denied plaintiff canceled the order at that time, he did testify he then asked for his $500 and "wanted to cancel. I never said I would." Defendant continued to try to get a plane without a radio. On December 13 he had or could procure a plane with the equipment the purchase order listed except it was equipped with a radio he offered to remove at his own expense. Plaintiff insisted he wanted a plane in which no radio had been installed and refused to accept the one defendant offered to provide.

On December 28, according to defendant, the Cessna company notified him the plane plaintiff ordered was ready for delivery. Location of the plane does not appear. The purchase order gave the base price of the plane "FAF, Wichita, Kansas." Defendant called Mapleton and drove there but could not locate plaintiff, after several phone calls "I believe it was his mother said he was in Chicago."

The trial court found that on or about December 13 defendant realized he could not deliver in 1963 the plane agreed upon, he then offered to substitute one of like model and style except it was equipped with a radio defendant offered to remove; plaintiff refused to accept the substitute for the plane ordered and asked for the return of the down payment which defendant refused; the plane tendered was not the one contracted for; plaintiff was not required to accept a plane originally equipped with a radio which was later removed. With reference to the happening on December 28 the court found defendant, without plaintiff's fault, failed to deliver the plane during 1963 as agreed upon.

Defendant's answer alleged and the evidence shows plaintiff signed this written statement, Exhibit 4, evidently prepared by or for defendant on or about December 13:

"James L. Weber offered me a Skyhawk with the equipment as per order of 10-24-63 and I refused to accept it. The aircraft is ready for delivery except for the removal of radio equipment. Aircraft not accepted."

The court concluded plaintiff's refusal to accept the plane offered him on December 13 as shown by this written statement did not constitute a waiver by plaintiff of defendant's duty to deliver the plane contracted for within the time agreed upon.

I. It is so well established that authorities need not be cited for the proposition the trial court's findings of fact in this law action are binding upon us if supported by substantial evidence. Rule 344(f)1, Rules of Civil Procedure. We find ample evidence to support the trial court's findings of fact here. We proceed to consider the contentions of defendant that are argued and merit discussion.

II. Defendant's answer not only quoted Exhibit 4, supra, but alleged that by signing it on December 13 plaintiff recognized the continuing existence of his offer to purchase and admitted the tender of a plane in accordance with such offer which he refused to accept. Much is claimed for plaintiff's failure to file a reply to the answer. We are told many times this amounts to an admission in the pleadings that the plane the exhibit refers to complied with the one plaintiff ordered and establishes as a matter of law a waiver of further performance by defendant and the latter's right to a reversal.

Too much is claimed for plaintiff's failure to reply. Reliance is upon Rule of Civil Procedure 102. So far as pertinent, the rule provides: "Every fact pleaded and not denied in a subsequent pleading * * * shall be deemed admitted * * *." Attention may also be called to this provision of R. C. P. 73, "There shall be a reply to * * * new matter in an answer * * *." At most, failure to reply amounts to an admission of the facts well pleaded in the answer, not of conclusions defendant seeks to draw therefrom, especially those which may not properly be drawn from the facts pleaded. Hootman v. Beatty, 228 Iowa 591, 598, 293 N.W. 32, and citations; Alston v. Wilson, 44 Iowa 130, 132.

Failure to file a reply amounts to an admission plaintiff signed Exhibit 4. Since plaintiff admitted this as a witness the fact is fully established in any event. We cannot agree failure to reply amounts to an admission of the effect to be given signing the exhibit, as alleged in the answer or as now argued.

That signing Exhibit 4 was a recognition the offer to purchase was still in effect on December 13 as alleged, notwithstanding defendant's prior statement Cessna could not supply a plane without a radio and plaintiff's request the order be canceled, seems not to be the only conclusion to be drawn from the exhibit. It cannot be claimed the exhibit contains an express recognition the offer was still in effect nor is such recognition necessarily implied from what was said.

■ ■ Waiver, as now claimed, is usually defined as the voluntary relinquishment of a known right. Williams v. Stroh Plumbing & Elec., Inc., 250 Iowa 599, 601, 602, 94 N.W.2d 750, 753, 82 A. L. R.2d 465, and citations; Ashby v. School Township of Liberty, 250 Iowa 1201, 1216, 98 N.W.2d 848, 858. With certain exceptions not here applicable, at least the facts which amount to a waiver must ordinarily be pleaded. Robbins v. Beatty, 246 Iowa 80, 89, 90, 67 N.W.2d 12, 17, and citations; Kunzman v. Cherokee Silo Company, 253 Iowa 885, 890, 114 N.W.2d 534, 537, 95 A. L. R.2d 673. There is no such pleading here and, we may add, no sufficient basis in the evidence for the contention now made if it were pleaded.

So far as shown, the claim of waiver was first made in the trial court in defendant's motion to enlarge and amend the findings and modify the judgment, filed after the case was decided. Even then defendant made no claim based on plaintiff's failure to file a reply. The trial seems to have proceeded as it would if the allegations of the answer as to what was there claimed for Exhibit 4 were denied.

■ "Where parties proceed to try an issue without raising any question as to reply, it amounts to consent to try the issue and it is rightfully in the case." Federated Mutual etc. Ins. Co. v. Erickson, 252 Iowa 1208, 1219, 110 N.W.2d 264, 270, and citations; Connell v. Hays, 255 Iowa 261, 272, 122 N.W.2d 341, 348; Ullman v. Reed, 258 Iowa 100, 105, 137 N.W.2d 690, 693.

Unless the only fair construction to be given Exhibit 4 is that it admits the tender of a plane in accordance with the order of October 24, defendant's allegation to such effect did not require the court to so find. We are not persuaded such a construction was required. The exhibit may fairly be construed as recit-

ing merely that the plane offered had "the equipment as per order", not that it was the plane ordered. It also appears from the writing the plane offered was equipped with a radio which must be removed and that plaintiff refused to accept it. Defendant himself testified the plane he offered plaintiff on December 13 was not the specific one ordered.

As stated, Exhibit 4 was evidently prepared by defendant or someone for him. If ambiguous, as we think it is, reasonable doubts as to its meaning are to be construed in plaintiff's favor. Freese v. Town of Alburnett, 255 Iowa 1264, 1269, 125 N.W.2d 790, 793, and citations; 17 Am. Jur.2d, Contracts, section 276. Also provisions of a writing which limit a party's legal rights, as Exhibit 4 does if it means what defendant contends, are to be strictly construed. Harvey Construction Co. v. Parmele, 253 Iowa 731, 741, 113 N.W.2d 760, 766.

Defendant's conduct subsequent to December 13 in further attempting to procure a plane which had not been equipped with a radio tends to negative the construction of Exhibit 4 now contended for, including the claim of waiver and that of estoppel, about to be considered. By analogy the rule that the practical construction placed upon an ambiguous or indefinite writing by the parties to it will usually be adopted by the courts has some application. See Darnall v. Day, 240 Iowa 665, 671, 37 N.W.2d 277, 280, and citations; Gilbrech v. Kloberdanz, 252 Iowa 509, 513, 107 N.W.2d 574, 576, 577, and citations. See also, on the question of the construction to be given Exhibit 4, In re Estate of Klepper, 244 Iowa 521, 528, 57 N.W.2d 565, 568, 569, and citations.

Without belaboring the point further we are satisfied defendant is not entitled to a reversal because of plaintiff's failure to file a reply or his signature to Exhibit 4.

III. Defendant's answer alleged that by reason of plaintiff's signature to Exhibit 4 and the claimed effect thereof defendant disposed of the plane tendered plaintiff and refused by him and so he is estopped from claiming any rights under the contract, including the refund of the down payment. As before indicated, the court found the plane tendered on December 13 was not the one agreed upon but a substitute plaintiff was not

required to accept. The court's conclusion plaintiff was not estopped by reason of the matters alleged in the answer is assigned as error.

The argument on this assignment is essentially a repetition of that considered and rejected in Division II hereof based on the contention Exhibit 4 is an acknowledgment the plane tendered on December 13 was the one ordered and plaintiff is estopped to claim otherwise. As we have attempted to point out, the trial court was not compelled to accept the construction of the exhibit contended for. Nor, as before indicated, does an estoppel against plaintiff appear as a matter of law.

It is unnecessary to consider at length the essential elements of equitable estoppel or estoppel in pais. See Axtell v. Harbert, 256 Iowa 867, 872, 129 N.W.2d 637, 639, 640, cited with approval in Barnard v. Cedar Rapids City Cab Co., 257 Iowa 734, 753, 133 N.W.2d 884, 897. Each element must be clearly proven. Perkins v. City National Bank of Clinton, 253 Iowa 922, 935, 936, 114 N.W.2d 45, 53, and citation. Such an estoppel is based on fraudulent conduct or a fraudulent result. In re Estate of MacVicar, 251 Iowa 1139, 1144, 104 N.W.2d 594, 598, and citations; Ames Trust and Sav. Bk. v. Reichardt, 254 Iowa 1272 1280, 121 N.W.2d 200, 204.

Reed v. Bunger, 255 Iowa 322, 335, 336, 122 N.W.2d 290, 298, 299, lends support to our conclusion estoppel does not appear as a matter of law here.

IV. The court's finding defendant, without plaintiff's fault, failed to deliver during 1963 the plane contracted for is assigned as error. It is argued delivery during 1963 was prevented or excused by plaintiff's absence in Chicago on December 28.

This statement in 46 Am. Jur., Sales, section 204, page 387, is cited: "If the buyer intentionally absents himself from the place of delivery, making a tender futile, the seller is absolved from making the tender." Bell v. Hatfield, 121 Ky. 560, 89 S.W. 544, 2 L. R. A., N. S., 529, is cited for the statement. There the buyer of cattle was absent from the place of delivery everyday they could have been tendered to him under his contract and failed to notify the seller, as agreed, what day to make delivery.

All that appears here is that someone, probably plaintiff's mother, informed defendant her son was in Chicago on December 28 when the Cessna company notified defendant the plane ordered was ready at some place not shown, for delivery. There is no evidence plaintiff intentionally or deliberately absented himself from his home and place of business to prevent delivery of a plane to him in 1963. The effect of defendant's argument is that one engaged in the business of flying chartered planes must remain in his home town or be held as a matter of law to have prevented or excused delivery of a new plane he had no reason to believe would be delivered and which in fact he had been told could not be obtained. We are not prepared to accept the argument.

We may observe the contention that plaintiff prevented or excused delivery during 1963 was not raised in defendant's answer. If we assume the issue was tried, as is sometimes done, without being pleaded, the burden to prove it by a preponderance of the evidence rested on defendant. We are satisfied it was not established as a matter of law.

V. It is argued plaintiff was required as a matter of law to accept the plane defendant offered to deliver on December 13. As stated, the trial court ruled plaintiff was not required to accept a plane originally equipped with a radio which was later removed. Whether plaintiff was under such duty seems to be the principal justification for this expensive litigation.

Plaintiff ordered a specifically described plane from defendant for which he was to pay over $10,000. The finding is warranted plaintiff then made it plain and defendant understood it was to be one in which no radio had been installed. Also that the plane contracted for was not delivered or tendered within the agreed time. It is true later removal of a radio installed at the time the plane was assembled would require no major structural change in the plane but it would result in some change in the cowl or dash.

Defendant argues there was substantial performance of the contract although the plane agreed upon was not delivered or tendered and this precludes recovery by plaintiff of his down payment. The question of sufficiency of substantial performance

of such a contract by the seller is considered in 46 Am. Jur., Sales, section 213, and annotation, 19 A. L. R. 815. Both recognize the question whether performance is substantial is ordinarily one of fact for the jury.

The rule of substantial performance is frequently applied in construction contracts where it would be inequitable to deny the builder (seller) recovery because of unimportant omissions in performance for which reasonable adequate allowance may be made in fixing the amount of the judgment. Also, equity is somewhat less strict than law in requiring performance by one seeking to enforce a contract. Lautenbach v. Meredith, 240 Iowa 166, 172, 173, 35 N.W.2d 870, 874, and citations; Huffman v. Hill, 245 Iowa 935, 938, 65 N.W.2d 205, 206; Peterman v. Hardenbergh, 250 Iowa 931, 933, 97 N.W.2d 152, 153, 154.

We see nothing inequitable or unfair in requiring defendant to repay what he received on the purchase price of the plane never delivered to plaintiff. Defendant sold to another the plane he offered to deliver to plaintiff on December 13 and so far as shown, for as much as plaintiff agreed to pay for it. Perhaps plaintiff was harder to satisfy than many purchasers would have been in his insistence on a plane never equipped with radio. Perhaps most purchasers would have accepted the plane offered him. If our review of the facts were de novo, as in equity actions, we might even hold delivery of the plane offered plaintiff would be sufficient performance of the contract. The district court, trying the facts, held otherwise. We are not persuaded he was required as a matter of law to reach a contrary holding.

We find no reversible error assigned and argued.—Affirmed.

All JUSTICES concur except JUSTICE RAWLINGS who takes no part.