Shizuko T. MORA, Appellant,

v.

Theresa SAVEREID et al., Appellees.

No. 56198.

Supreme Court of Iowa.

Oct. 16, 1974.

Peddicord, Simpson & Sutphin, Des Moines, for appellant.

Ahlers, Cooney, Dorweiler, Allbee & Haynie, Des Moines, for appellee Theresa Savereid.

Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellees Iowa Regional Transit Corp. and Stanley Leo Kaloides.

Paul Moser, Jr., Des Moines, for appellees Lewis System of Iowa, Inc. and Carl Jorgensen.

Heard before MOORE, C. J., and LeGRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

Plaintiff sustained serious personal injuries in a pedestrian accident while she was crossing the intersection of 6th Avenue and Walnut Street in Des Moines on October 27, 1971. Her subsequent action to recover damages resulted in a jury verdict in favor of each of the defendants. Plaintiff says

she should have a new trial because of various errors during the course of the trial. We affirm the trial court.

Before setting out the specific issues presented by this appeal, we present the circumstances which culminated in this accident. While walking home from her place of employment at the height of the rush hour, plaintiff, along with others, stopped at the northeast corner of the intersection waiting for the traffic light to change in her favor. She intended to cross from the northeast corner to the northwest corner of the intersection. Defendant, Theresa Savereid, was also in the group waiting to make that same crossing. Before the light changed, an armored truck owned by defendant Lewis System of Iowa, Inc. and driven by defendant Carl Jorgensen crossed Walnut Street from the south to the north. Because of congested traffic ahead, this truck was compelled to stop while partially blocking the east to west crosswalk. It was still there when the light changed in favor of east and west traffic.

When plaintiff and Miss Savereid started to cross the street, it was necessary that they circle around behind the stopped armored truck. In doing so, Miss Savereid walked out of the crosswalk into the travelled portion of the intersection. Plaintiff stayed within the crosswalk. At this same time, a bus owned by defendant Iowa Regional Transit Corporation and driven by defendant Stanley Leo Kaloides, which had also been waiting for the light to change, started through the intersection from east to west. The bus overtook and was passing Miss Savereid when she apparently veered to her left and was struck by that vehicle. The impact threw her heavily to the street. She sustained severe personal injuries, but that is not an issue in this appeal. In some inexplicable manner plaintiff, too, ended up lying in the street, severely injured. How this happened is the determining factual circumstance in this case.

Plaintiff's theory is that, when Miss Savereid negligently walked into the side of the bus, the resulting impact threw her against plaintiff, knocking both to the street. Other witnesses stated categorically there was no contact between Miss Savereid and plaintiff. There was also circumstantial evidence as to the relative positions of these two ladies both before and after the accident from which the jury could conclude they had no physical contact. Other facts will be referred to as they become material in our discussion of the issues.

Plaintiff raises the following issues: (1) error in instructions as hereafter discussed; (2) error in refusing to permit plaintiff's motion to amend the pleadings to conform to the proof after the close of the evidence; and (3) a claim that plaintiff did not receive a fair trial.

I. Plaintiff makes five complaints concerning the instructions. Three deal with the trial court's refusal to submit certain specifications of negligence, one against the bus and its driver, one against the truck and its driver, and the third against Miss Savereid. The remaining two are concerned with the propriety of instructions on burden of proof and an alleged misleading instruction about proximate cause.

II. The three errors said to have resulted from the trial court's refusal to submit certain specifications of negligence may be discussed together.

The governing law is well settled and the parties do not argue otherwise. All issues which are pled and for which there is substantial support in the evidence must be submitted. It is error not to do so, just as it is error to submit those which do not conform to both these conditions. Wroblewski v. Linn-Jones F S Services, Inc., 195 N.W.2d 709, 711 (Iowa 1972); Adams v. Deur, 173 N.W.2d 100, 113 (Iowa 1969); Cavanaugh v. Jepson, 167 N.W.2d 616, 619 (Iowa 1969). The specific question to be answered here is whether there was substantial evidence to support the alleged negligence. The trial court ruled against plaintiff in each instance, and properly so.

■ Plaintiff insists the issue of speed should have been submitted as to the bus company and its driver. The evidence shows without dispute that the bus was stopped waiting for the light to change. It then started up and struck Miss Savereid when it had traversed approximately one-half of the intersection. Plaintiff correctly argues the question of speed must be judged by the existing circumstances. Plaintiff further argues that any speed, no matter how slight, might be negligence under some facts. This, too, may be conceded as an abstract proposition. The difficulty with plaintiff's position is that there is no evidence from which the speed of this vehicle could be determined. The driver was never asked about it. One witness, John Smith, said the bus "could not have been going 10 miles an hour" and that it was "probably less." Another witness, Wallace Wood, said the bus was going the normal speed that a vehicle goes when it starts up from an intersection. Under that kind of record, any finding by the jury that the speed of the bus was not reasonable and proper under the circumstances would have been without evidentiary support. The trial court therefore was correct in refusing to submit the issue of speed.

■ Plaintiff also asserts it was reversible error as to defendant truck and its driver not to submit the question of lookout. As already related, the truck was stopped partially blocking the pedestrian crosswalk. It had been in this position for an appreciable interval waiting for traffic ahead to start forward.

Plaintiff does not claim the truck driver could have averted the accident by any lookout he might have made once he crossed the intersection. Her argument rather relates to his conduct *before* he did so. She says a proper lookout at that time would have advised the truck driver he could not have cleared the intersection and, presumably, that this would endanger pedestrians seeking to cross the street.

When the truck crossed Walnut Street, the traffic signal was green in its favor. In addition, a traffic policeman waved northbound traffic through the intersection. There is no evidence that defendant truck driver could have discovered by any additional lookout that he would be unable to clear the crosswalk before the traffic signal changed. This would depend on conditions at least a block ahead—conditions which he could not observe and which no measure of lookout would have then disclosed.

The trial court correctly refused to submit lookout as to the owner and driver of the armored truck.

The last alleged error based on submission of specifications of negligence deals with the conduct of Miss Savereid. It will be recalled she crossed 6th Avenue by walking behind the armored truck. In doing so she left the crosswalk, ventured into the travelled portion of the street, and was struck by the bus.

■ Plaintiff asked for an instruction on Miss Savereid's negligence for having violated § 321.330, which stipulates that pedestrians "shall move, whenever practicable, upon the right half of crosswalks."

Although part of our law for almost 40 years, this section has never been the subject of judicial review. Without saying whether it could be the basis of liability under other circumstances, we once more agree with the trial court's refusal to submit the issue in the case now before us.

Quite obviously Miss Savereid could not have used the right half of the crosswalk until she got beyond the armored truck. The only witnesses questioned on the matter said Miss Savereid could not then have reached the right half because of the steady flow of people in both directions. The statute imposed on Miss Savereid the duty to use the right half of the crosswalk only if it was practicable to do so. Plaintiff had the duty to prove violation of the statute, including that it *was* practicable to use the designated portion of the walk.

When we review the evidence, we are forced to conclude she has utterly failed to do so. Miss Savereid had to walk behind the truck; then within a relatively few feet—perhaps 20 to 25—the accident occurred; and all witnesses said she could not have reached the right half of the crosswalk. Under that state of the record, there was no evidence upon which the jury could have found a violation of this statute.

The situation is not unlike that in Plummer v. Loonan, 189 N.W.2d 617, 619 (Iowa 1971) and Wilson v. Jefferson Transportation Company, 163 N.W.2d 367, 372 (Iowa 1968). In each of those cases we held the speed statute which requires a speed less than the statutory maximum under certain conditions was not violated unless the conditions relied on were shown. Analogously plaintiff here had no duty to use the right-hand half of the crosswalk until it was shown it was practicable for her to do so. The evidence is overwhelming to the contrary. Every witness who testified on that matter said she could not have reached the right half of the crosswalk. Since a jury determination to the contrary would have been pure conjecture without evidentiary support, we hold the trial court properly refused to submit this issue.

■ III. Plaintiff next asserts an error which goes to all defendants. She says the trial court unfairly overemphasized her burden of proof by instructing on it three separate times. Of course, instructions should not overemphasize one theory of the case and an instruction which is abstractly correct may become erroneous if it does this to the prejudice of a litigant's cause. See Andrews v. Struble, 178 N.W.2d 391, 401 (Iowa 1970).

We do not find that situation here. The trial court advised the jury plaintiff was asserting three separate claims—one against Miss Savereid, one against the armored truck and its driver and one against the bus and its driver. The jury was also told each claim was to be considered and decided separately. The trial court instructed as to each claim separately including in each instance a statement of the elements plaintiff had the burden of proving. It is this to which plaintiff objects.

We believe it was proper, if not essential, that the jury be instructed concerning what plaintiff must establish in her claim against each defendant. Plaintiff argues that it would have been better to give one general instruction on burden of proof. We disagree. We believe it was more helpful to the jury as the trial court did it.

There is no merit to this complaint.

■ IV. The next issue plaintiff raises attacks Instruction 18A dealing with proximate cause. Although plaintiff argues differently, this instruction was clearly concerned only with the theory of defendant bus company and its driver that the negligence of defendant Savereid was the sole proximate cause of the accident. The general denial of those two defendants allowed it to rely on that defense. Doser v. Interstate Power Co., 173 N.W.2d 556, 559 (Iowa 1970); Schmitt v. Jenkins, 170 N.W.2d 632, 642 (Iowa 1969); Kuehn v. Jenkins, 251 Iowa 718, 728, 100 N.W.2d 610, 616 (1960).

In considering this it will be helpful to give a short explanation of how the matter was handled by the trial court. In doing so, of course, we keep in mind that instructions must be read together and not piecemeal. Booras v. Iowa Highway Commission, 207 N.W.2d 566, 569 (Iowa 1973); Bauman v. City of Waverly, 164 N.W.2d 840, 845 (Iowa 1969).

In Instruction 8 the trial court explained that plaintiff was actually making three independent claims, which for convenience were being tried at one time. The jury was told to consider and decide each case separately. Instructions 11, 12 and 13 successively set out the elements plaintiff was obliged to prove as to each claim. In Instruction 17 the trial court discussed proximate cause, both sole and concurring, and specifically told the jury plaintiff could recover against any defendant by establishing

(among other things) the negligence of such defendant "was either the sole or concurring proximate cause of her injury or damage."

After these instructions dealing with plaintiff's claims against the various defendants were completed, the trial court gave Instruction 18 on the theory of the bus company and its driver that Miss Savereid's negligence was the sole proximate cause of the accident. These defendants were entitled to have this submitted by proper instruction. Doser v. Interstate Power Co., supra, 173 N.W.2d at 559.

Following Instruction 18, Instruction 18A was given as follows:

"The laws of Iowa provide that every pedestrian crossing a roadway at a point other than within the marked crosswalk shall yield the right-of-way to all vehicles upon the roadway.

"If you find this case that Theresa Savereid failed to comply with this provision of law, she would be guilty of negligence and you should determine if this negligence was the sole proximate cause as heretofore instructed."

■ As we understand plaintiff's complaint, she says this instruction required proof that Miss Savereid's negligence was the sole proximate cause of the accident before recovery could be had against her. If this were true, it would, of course, be error. However, the instruction was not concerned with plaintiff's cause of action against Miss Savereid. Instruction 18A, together with Instruction 18, said simply that the bus company and its driver were not liable if the negligence of Miss Savereid was the *sole* proximate cause of the accident. This, of course, is axiomatic, for in that event the negligence of the bus company and its driver could not be *a* proximate cause of plaintiff's injuries.

■ Implicit in plaintiff's argument is the further assertion Instruction 18A was misleading and confusing. We do not agree. A full and fair reading of all the

instructions leads to the inevitable conclusion the jury could not have misapprehended the issue presented by the challenged instruction. See Rosenau v. City of Estherville, 199 N.W.2d 125, 134 (Iowa 1972). We hold there is nothing here to require a reversal.

■ V. Plaintiff next asserts the trial court abused its discretion in refusing to permit a motion to amend the pleadings to conform to the proof after the record had been closed. We have said that allowing amendments is the rule and refusal is the exception. We have also said the trial court is vested with great, but not unlimited, discretion in deciding these matters and that we will interfere only if there is an abuse of that discretion. Rule 88, Rules of Civil Procedure; Trask v. Gibbs, 200 N.W.2d 565, 568 (Iowa 1972); Board of Adjustment v. Ruble, 193 N.W.2d 497, 507 (Iowa 1972); Stom v. City of Council Bluffs, 189 N.W.2d 522, 529 (Iowa 1971).

■ In the present case at the close of the evidence plaintiff moved to amend in several respects. This permission was granted. The next day, when counsel received copies of the proposed instructions, plaintiff asked leave to amend again in order to include a specification that Theresa Savereid was negligent for failure to yield the right-of-way to the vehicular traffic on Walnut Street. The trial court rejected this amendment with the statement that "there must be a time when the pleadings are closed."

This case was filed on the 6th day of January, 1972. It was tried on October 24, 1972. There had been extensive discovery and interrogatories pending trial. If plaintiff sought to rely upon Miss Savereid's failure to yield the right-of-way, she could have done so at any time. There was no surprise in the testimony and there was nothing about the evidence which brought this to plaintiff's attention for the first time at trial. This case is not unlike Trask v. Gibbs, supra, and what we said there is quite applicable here:

"In the case at bar defendants from the day of the accident knew the facts and circumstances of the accident on December 20, 1967. They first attempted to assert the no horn specification of negligence on August 20 or 21, 1970 after all the evidence at trial was closed. They had taken the deposition of Trask and his answers to the interrogatories. Nothing new to them regarding no horn was developed during trial. They offered no reason why this new issue was not tendered at an earlier date. The trial court was faced with the duty to conduct an orderly and expeditious jury trial. To have allowed the amendment would have required further pleadings by plaintiffs. Certainly the record would be reopened to take at least the testimony of Trask on this new issue. His testimony either on direct or cross-examination did not refer to this issue.

"We do not find the trial court abused its discretion in not allowing the amendment. * * *"

We recognize the amendment might well have been allowed, particularly since the issue was already in the case as between the bus company and Miss Savereid. This is fully discussed in Division IV. However, under our previous rulings we cannot say it was an abuse of discretion to deny it.

VI. This brings us to the last of the issues raised—the assertion plaintiff did not have a fair trial. She argues that the individual issues already discussed might be insufficient in themselves to warrant reversal but together they amount to denial of a fair trial. We cannot agree with that claim.

There is one other matter which plaintiff raises, however. Much of the testimony was taken with the help of an interpreter. Plaintiff and one of her witnesses speak and understand English imperfectly. Plaintiff now claims the evidence taken through the interpreter was confused and did not present plaintiff's claim effectively. It might be conceded that the use of an interpreter is rarely satisfactory. However, there is nothing before us upon which we could declare a new trial for that reason. Plaintiff does not say the interpreter was incompetent or gave either wrong or false answers. In fact, the interpreter was of plaintiff's own choosing. Furthermore, how would this situation be improved by a second trial? Plaintiff would need such help at a second trial just as much as at the first. Although the identity of the interpreter might be different, the problem would be the same. A new trial offers no relief to plaintiff on that ground, and we accordingly reject it.

The judgment of the trial court is affirmed.

Affirmed.