**FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver of State Bank of Prairie City, Prairie City, Iowa, Appellee,**

v.

**Foster Wayne FARRAR, Appellant.**

**No. 2–56919.**

Supreme Court of Iowa.

July 31, 1975.

 

Robert W. Pratt and Dennis J. Kirkwood, Des Moines, for appellant.

R. Eugene Knopf, Newton, for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

MOORE, Chief Justice.

Defendant Foster Wayne Farrar (Farrar) appeals from deficiency judgment entered on promissory notes executed by him and held by plaintiff Federal Deposit Insurance Corporation (FDIC), as Receiver of State Bank of Prairie City (State Bank).

In Division I of its petition FDIC sought a deficiency judgment of $1694.42, plus interest, on the note secured by Farrar's mobile home and in Division II a deficiency judgment of $445, plus interest, on the note secured by Farrar's automobile. FDIC further prayed for statutory attorney fees and costs.

Farrar's answer alleged, inter alia, plaintiff had taken possession of his 1964 mobile home and 1964 Chevrolet automobile which were worth more than the balance owing on his notes and sold them with no notice to him of the time and place of any public or private sale thereof. Farrar sought the surplus and denied plaintiff's claim to a deficiency judgment.

Plaintiff's reply admitted sale of the collateral but denied it was required to give notice of any public or private sale. It asserted the collateral was of a type customarily sold on a recognized market.

The issues were submitted to the trial court on a written stipulation of facts. A summary of the stipulated facts is as follows:

November 5, 1968 defendant Farrar executed to State Bank a promissory note in the amount of $3522.72. Farrar purchased a 1964 Hillcrest mobile home with the $2700 he received under the note. The mobile home secured the note.

December 30, 1969 Farrar executed another promissory note to State Bank. The total payments under the note amounted to $507. Farrar used the $470 he received under the note to purchase a 1964 Chevrolet sedan, which was listed in the same instrument as security for the note.

On or about April 12, 1971 Farrar was in default on payments under both notes. By virtue of acceleration clauses in the instruments Farrar was then obligated to pay plaintiff $2271.92 and $470, the remaining principal balances then due under the respective notes.

On or about April 12, 1971 Farrar signed and delivered to FDIC the following statement which had been prepared by FDIC:

"Federal Deposit Insurance Corporation  April 12, 1971
Receiver of State Bank of Prairie City
Prairie City, Iowa

Gentlemen:

This is your authority to repossess my 1964 Hillcrest Mobile Home, Serial Number 5010 2197, which is pledged as security to my indebtedness at the State Bank of Prairie City, Prairie City, Iowa described as follows: (Note dated November 5, 1968 in the original amount of $3522.72, payable in monthly installments of $73.40, beginning December 30, 1968). This note has been reduced to a present unpaid balance of $2271.92. It is fully understood you will have this mobile home appraised and sell at the appraisal value or best offer, and apply the proceeds to costs and to my unpaid balance. Also, it is understood that I will be responsible for any deficiency balance after sale has been applied.

---
Witness                    Signature

---
Witness                    Signature              "

On or about April 12, 1971 a similar statement was signed by Farrar and sent to FDIC authorizing repossession of the 1964 Chevrolet automobile.

Plaintiff thereafter took possession of the mobile home and automobile and had them appraised. May 6, 1971 the estimated fair market value of the 1964 Chevrolet was $130 "in its current condition." A May 10, 1971 appraisal of the 1964 Hillcrest mobile home indicated it was worth $790 after payment of $349.50 in taxes due.

On or before June 8, 1971 FDIC sold the 1964 Hillcrest mobile home for $990. On or before August 6, 1971 FDIC sold the 1964

Chevrolet automobile for $25. FDIC gave Farrar no prior notice of the time and place of either sale.

Application of the mobile home sale proceeds to the unpaid balance of the first note left a deficiency balance of $1694.42 plus interest as provided in the note.

After the proceeds from the sale of the automobile were applied to the unpaid balance of the second note there remained a deficiency balance of $445, plus interest, as provided in the note.

The trial court found plaintiff did not act in bad faith in repossessing and selling the collateral and that because defendant agreed to be responsible for any deficiency balance the question whether defendant waived his right to notice of sale was of no legal consequence. On November 14, 1973 deficiency judgment was entered against defendant for the amount prayed for plus interest and attorney fees. Defendant has appealed.

As stated by the trial court: "The sole issue in this case is whether the plaintiff was obligated by law to give defendant notice of the date, time and place of such public or private sale pursuant to section 554.9504(3) of the Code of Iowa, and whether plaintiff is entitled to a deficiency judgment against defendant as prayed in plaintiff's petition."

■ I. We, like the trial court, refer to section 554.9504(3), Code 1973. The identical applicable provisions are in the 1966 and 1971 Codes. We are not concerned with statutory changes made after the trial of this case.

Section 554.9504(3) of Iowa's Uniform Commercial Code, as pertinent here, provides:

"Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner,

time, place and terms must be commercially reasonable. *Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, \* \* \*."* (Emphasis added).

FDIC concedes here as it did in the trial court it gave no notice to Farrar prior to the sale of the collateral and that if under the circumstances notice was required then it would not be entitled to a deficiency judgment. We held in Twin Bridges Truck City, Inc. v. Halling, Iowa, 205 N.W.2d 736, lack of notice required by section 554.9504 defeats any claim to a deficiency judgment. See also Anno. 59 A.L.R.3d 401, section 3.

However, FDIC argues the instruments signed by Farrar on April 12, 1971 contracted away and waived his right to notice. The trial court so held. We do not agree.

The April 12 instruments contain no reference to notice of sale. If FDIC wanted an expressed agreement for no notice prior to sale of the collateral it should have drawn the instruments accordingly.

The trial court apparently reasoned Farrar had waived right to notice by his agreement to be liable for any deficiency balance after sale.

"Waiver is the voluntary and intentional waiver of a known right. Theobald v. Weber, 259 Iowa 452, 457, 143 N.W.2d 418, 422; Kaltoft v. Nielsen, 252 Iowa 249, 257, 106 N.W.2d 597, 602. It is largely a matter of intent which may be ascertained from a person's conduct." Babb's Inc. v. Babb, Iowa, 169 N.W.2d 211, 213. See also Bindel v. Iowa Manufacturing Co. of Cedar Rapids, Iowa, 197 N.W.2d 552, 553; Wemer v. Long, Iowa, 185 N.W.2d 243, 248; Fisher v. First National Bank of Omaha, S.D.Iowa, 338 F.Supp. 525, 530, 531. The writings relied on by FDIC do not alert Farrar to the rights FDIC contends were waived therein.

Neither writing refers to Farrar's right of redemption. No evidence was before trial court indicating Farrar had knowledge of his redemption rights when he agreed to be responsible for deficiency after repossession, appraisal and sale of his property. Absent evidence of such knowledge no valid waiver was shown.

■ The purpose of notice under section 554.9504(3) is to permit the debtor to bid at the sale or to protect himself from an inadequate sale price. Beneficial Finance Co. of Black Hawk County v. Reed, Iowa, 212 N.W.2d 454, 459; Nelson v. Monarch Invest. Plan of Henderson, Inc., Ky., 452 S.W.2d 375, 377; Mallicoat v. Volunteer Finance & Loan Corp., 57 Tenn.App. 106, 415 S.W.2d 347, 350. A debtor unable or unwilling to exercise his section 554.9506 redemption right may still wish to bid on the property or encourage others to do so to insure a fair sale price which would minimize or eliminate a deficiency. A debtor who forfeits his right to redeem and willingly agrees to pay any deficiency remaining after sale has good reason to appear at the sale of his property. This is clearly demonstrated by the fact Farrar's Chevrolet appraised as worth $130 was sold for $25.

■ II. FDIC also contends no notice prior to sale was required as the collateral was "of a type customarily sold in a recognized market" as exempted under section 554.9504(3). This contention is untenable as in Beneficial Finance Co. of Black Hawk County v. Reed, supra, Iowa, 212 N.W.2d 454, 459, we held: " \* \* \* a used automobile does not fall within the category of collateral 'of a type customarily sold on a recognized market.' " See also Community Manage. Ass'n of Colorado Sp. v. Tousley, 32 Colo.App. 33, 505 P.2d 1314, 1316; Turk v. St. Petersburg Bank and Trust Company, Fla.App., 281 So.2d 534, 536 (automobile auctions are not a 'recognized market') and citations in each. There being no recognized market for used automobiles, it follows no recognized market exists for the sale of used mobile homes.

We have examined the contentions of the parties and cited authorities. We are convinced the trial court erred in entering the deficiency judgment against appellant Farrar.

This case is reversed and remanded to the trial court for order setting aside the judgment against Farrar and for judgment against FDIC for costs.

Reversed and remanded.