**HERMAN FORD–MERCURY, INC., Appellee,**

v.

**Glenn BETTS and Duane Betts, Appellants.**

No. 58131.

Supreme Court of Iowa.

March 16, 1977.

Warren L. Bush, Wall Lake, for appellants.

William G. Polking, Carroll, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

MASON, Justice.

This appeal by defendants Glenn and Duane Betts is from an adverse judgment entered in a law action tried to the court. Plaintiff, Herman Ford-Mercury, Inc., an automobile dealership in Carroll, Iowa, brought an action against defendants seeking to recover the balance due on an installment contract for the purchase of an automobile from plaintiff. Defendants in answer denied generally the allegations of plaintiff's petition and asserted a counterclaim in three divisions seeking recovery for breach of implied warranty of fitness for purpose of defendants' intended use and breach of merchantability.

The trial court found defendants had failed to establish their right to recover under their counterclaim and awarded plaintiff judgment against them in the amount of $1000.

Defendants limited the scope of their appeal to the judgment ordering them to pay plaintiff $1000.

I. In a law action tried to the court, as here, review in this court is not de novo but only on errors assigned. Rule 334, Rules of Civil Procedure. Under this limited extent of review the findings of fact by the trial court have the effect of a special verdict and are equivalent to a jury verdict. If supported by substantial evidence and justified as a matter of law, they are binding on us and the judgment will not be disturbed on appeal.

Further, we must construe the evidence in the light most favorable to the trial court's judgment, and this court will not weigh the evidence or pass on the credibility of the witnesses.

However, this rule does not preclude inquiry into the question whether, conceding

the truth of a finding of fact, a conclusion of law drawn therefrom is correct, nor does it apply if, in arriving at a finding, the trial court erred in its ruling on evidence or in any other respect upon questions of law which materially affect that decision. *Whewell v. Dobson,* 227 N.W.2d 115, 117 (Iowa 1975).

II. The only issue presented herein is whether a secured party who has failed to give reasonable notification of the sale of repossessed property and has conducted such sale in a commercially unreasonable manner is entitled to recover any deficiency from the defaulting purchaser.

III. The facts giving rise to this lawsuit commenced August 24, 1973, when plaintiff sold a used automobile to defendants. Subsequently, the parties entered into an installment contract in order to finance the purchase of said automobile.

The trial court's findings of fact are not disputed herein and in pertinent part were as follows:

"In this case the buyers, who are the Defendants, after experiencing much difficulty with the vehicle in question returned it to the seller, who is the Plaintiff. There is testimony that one of the Plaintiff's employees stated to one of the Defendants, in substance, 'We will fix it up and sell it.' At a later time there appears to be further evidence that an employee agreed that the vehicle could not be sold unless it was first fixed. The evidence further indicates that it was sold without making repairs. The vehicle, it seems, was kept by the Plaintiff for a considerable length of time before it was sold by the Plaintiff at the Omaha Auction Market.

"Stress has been placed on the fact that the Defendants voluntarily delivered the vehicle to the Defendants [sic, plaintiff]. This Court does not find that such delivery was in fact anything more than a repossession on the part of Plaintiff, since it is obvious from what has taken place since the delivery of the vehicle to the Plaintiff and its subsequent sale that Plaintiff considered the vehicle as one repossessed under its sale contract."

The trial court also found that plaintiff had not given reasonable notification to defendants of the sale as required by section 554.9504(3), The Code, 1973.

The following portion of the trial court's findings is pertinent to this appeal:

"The next question that arises is has the Plaintiff met its burden of proof and established the commercial reasonableness of the sale of Defendants' vehicle.

"Considering all the evidence presented this Court believes and therefore finds that the method of sale; namely, the sale at the Omaha Auction Market which sales Market limits the buyers to dealers, and where at such sale the vehicle was sold 'as is', and where in this case the value of the vehicle is disputed, it appears to this Court that recovery by the Plaintiff against the Defendants is not the unpaid balance on its contract, but in this case it should be what the Court finds to be the difference between such unpaid balance and what the vehicle should have sold for. In other words, Plaintiff, by selling the vehicle as it did in this case and without properly notifying Defendant, must establish the commercial reasonableness of the sale * * *, and in respect thereto, this Court finds that same was not established by the Plaintiff.

"From the evidence this Court finds that Plaintiff is entitled to recover from the Defendants the sum of $1,000.00."

Although the petition sought recovery of $2,881.99, no cross-appeal is presented by plaintiff.

IV. The following statutory provisions are relevant to the issue presented.

Section 554.9504(3), The Code, 1973, provided in part:

"Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be * * * at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to de-

cline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, * * *."

It is further provided in the following portion of section 554.9507(1), The Code, that:

"If it is established that the secured party is not proceeding in accordance with the provisions of this Part disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor * * * has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this Part."

The trial court found, and it is not disputed herein, that plaintiff had not complied with the notification and commercial reasonableness requirements of section 554.-9504(3). The only question presented by this appeal is whether, under the circumstances, section 554.9507(1) precludes plaintiff from recovery of the deficiency.

*Beneficial Finance Co. of Black Hawk County v. Reed,* 212 N.W.2d 454 (Iowa 1973), is the only case cited by either party herein. In that case this court recognized but was not required to choose between the two interpretations of section 554.9507(1) which have judicially evolved. With respect to those two interpretations, this court said:

"The courts have made two interpretations of section 554.9507(1). The first interpretation is one which was used by the court here; that interpretation prevents the creditor who has not proceeded in accordance with the provisions of the Code in regard to notification or in any other manner involved in collecting on the debt owed, from obtaining any of the deficiency amount.

" * * *

"The second interpretation does not automatically deny the creditor any of the defi-

ciency but places the burden of proof on him to show what the sale would have brought if done in compliance with the Code. Thus, the amount between what the sale brought when performed improperly and what it should have brought if done correctly, would be damages allowable to the debtor. If such amount did not equal the total deficiency the creditor may recover, in the proper manner, the amount remaining unpaid.

" * * *

"This court has determined * * *, that plaintiff's sale of defendant's automobile was not commercially reasonable.

"Under the factual circumstances presented by the record in the case before us defendant would not be entitled to recover a deficiency under either interpretation." 212 N.W.2d at 459–461.

Unlike the circumstances present in *Beneficial Finance,* the situation herein requires that a choice be made between the two available interpretations of section 554.-9507(1). The difference is that here the trial court held plaintiff established what the sale would have brought if conducted properly, and deducted the difference between that amount and what was actually received for the automobile from the deficiency owed by defendants, arriving at a figure of $1000. Neither party disputes the trial court's computations. Consequently, the appropriate interpretation of section 554.9507(1) is controlling herein.

The notice provision in Code section 554.-9504(3) is obviously intended for the benefit and protection of the debtor. It affords him at least an opportunity to bid at the sale and protect himself from an inadequate sale price. A debtor unable or unwilling to exercise his section 554.9506 redemption right may still wish to bid on the property or encourage others to do so to insure a fair sale price which would minimize or eliminate a deficiency. Even if it might be determined he could not have protected his interest the law requires he be given the opportunity. In support see *Federal Deposit Ins. Corp. v. Farrar,* 231 N.W.2d 602, 605

(Iowa 1975), which was filed approximately one month after the briefs were filed in the present case.

Section 554.9504(3) provides reasonable notification of the sale must be given *unless* the collateral is either (1) perishable, or (2) threatens to decline in value, or (3) is of a type customarily sold on a recognized market. *Beneficial Finance Co. of Black Hawk County v. Reed,* 212 N.W.2d at 459.

In *Federal Deposit Ins. Corp.,* 231 N.W.2d at 605, this court clearly adopted the position that lack of notice defeats any claim to a deficiency judgment asserted by the secured party, a position inferentially approved in *Twin Bridges Truck City, Inc. v. Halling,* 205 N.W.2d 736 (Iowa 1973).

Although the authorities are split concerning which of the two interpretations of section 554.9507(1) is most appropriate, the position taken in *Federal Deposit Ins. Corp. v. Farrar,* enjoys substantial support. See *Washington v. First National Bank of Miami,* 332 So.2d 644, 645 (Fla.App.1976); *Gurwitch v. Luxurest Furniture Mfg. Co.,* 233 Ga. 934, 214 S.E.2d 373, 374; *Camden National Bank v. St. Clair,* 309 A.2d 329, 332–333 (Me.1973); *DeLay First Nat. B. & Tr. v. Jacobson Appliance,* 196 Neb. 398, 243 N.W.2d 745, 748; *Aimonetto v. Keepes,* 501 P.2d 1017, 1019 (Wyo.1972); *Skeels v. Universal C. I. T. Credit Corporation,* 222 F.Supp. 696, 702 (W.D.Pa.1963), vacated on other grounds in 335 F.2d 846 (3 Cir. 1964).

We adhere to the pronouncement in *Federal Deposit Ins. Corp.* as supported by the foregoing authorities and now hold compliance with section 554.9504(3) for notification as to the disposition of collateral security is a condition precedent to a secured creditor's right to recovery of any deficiency between the sale price of collateral and the amount of the unpaid balance. The burden is on the secured party to plead and prove compliance with the statutory requirement of notice and of reasonableness of notice.

The trial court erred in applying an erroneous rule of law which requires a reversal setting aside the judgment entered in favor of plaintiff. With directions to the trial court to enter judgment in favor of defendants with costs taxed to plaintiff the case is

Reversed and remanded.