**DALLAS COUNTY IMPLEMENT, INC., A Corporation, Plaintiff–Appellant,**

v.

**John H. HARDING, Defendant–Appellee.**

No. 87–1699.

Court of Appeals of Iowa.

Feb. 23, 1989.

Ralph R. Brown, Dallas Center, for plaintiff-appellant.

Marc S. Harding, Des Moines, for defendant-appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

Plaintiff appeals from the decision of the district court finding the plaintiff was not entitled to a deficiency judgment from the defendant because the sale of the collateral was not made in a commercially reasonable manner and the defendant was not given adequate statutory notice of the sale. We affirm.

I.

Defendant John Harding purchased a used John Deere 7700 combine with a used cornhead from plaintiff, Dallas County Implement, Inc., in 1981. The delivered cash price, including sales tax, was $39,397. The plaintiff assigned its interest to John Deere Company. Harding failed to make his required installment payment on December 1, 1982. In August 1983 Harding was informed his paper would be reassigned to the plaintiff implement company. About a week later plaintiff took possession of the combine and cornhead. The

cornhead was sold to Rich Moen in September 1983 without notice to defendant, in a private sale, along with a John Deere 7700 combine which was three to four years older than the one sold to John Harding. The price of the combine and cornhead was $34,790. Plaintiffs later, once again, repossessed the cornhead. The combine and cornhead were sold to Dennis Hol on August 25, 1985. The combine was given a value of $13,000 and the cornhead, $5,800. This time, notice was given to John Harding the cornhead and the combine would be sold at a private sale and any deficiency would be assessed against Harding.

Plaintiff filed this suit seeking a deficiency judgment for the combine and cornhead. Plaintiff later amended this to seek a deficiency judgment just for the combine. The district court found plaintiff did not give Harding notice before the first sale of the cornhead. The court stated plaintiff was not entitled to a deficiency judgment on the combine or the cornhead because of its failure to provide earlier notice. The court also determined the subsequent sale to Hol was not commercially reasonable because the combine was not shown to a potential buyer and plaintiff did not try to sell this combine to the earlier purchaser of the cornhead. The court held plaintiff was not entitled to any deficiency judgment. It is from these determinations which the plaintiff now appeals.

## II.

Plaintiff claims the trial court erred by: 1) concluding plaintiff did not show by a preponderance of the evidence it sold the combine in a commercially reasonable manner; 2) concluding plaintiff did not show defendant was given adequate statutory notice of sale of the combine; 3) concluding plaintiff lost its right to deficiency judgment after sale of the combine when the cornhead was previously sold without notice to the defendant; and 4) making findings of fact not supported by substantial evidence.

Our scope of review is for errors at law. Iowa R.App.P. 4.

## III.

■ **A. Reasonableness of the Sale.** First, Dallas County Implement contends sale of the combine was commercially reasonable because it ran advertisements for sixty-five weeks in the *Des Moines Sunday Register* as well as other ads in the *Iowa Farm Trader* and the *Minneapolis Star & Tribune,* and because it showed the combine to all potential purchasers.

Plaintiff further contends the combine was always parked on the lot of the dealership where it could be clearly seen by potential purchasers. Apparently the only times the combine would not have been on the premises was when it was rented to Living History Farms and when a potential purchaser was trying out the combine to see if it met his needs.

Harding refutes plaintiff's assertions by offering evidence a prospective purchaser entered the dealership lot and asked to see a John Deere 7700 combine. Upon being shown an older 7700, not the combine originally owned by Harding, the purchaser asked to see a newer John Deere 7700, he was not accommodated. The purchaser later drove around the lot attempting to locate the Harding 7700 combine without success. Harding also offers evidence the older model 1975 7700 combine was sold for a much higher price, than the 1978 7700 which Harding had owned, was sold for. The older 7700 sold approximately one month after the taking of the Harding combine. It was sold with the Harding cornhead which was taken with the combine.

We find the language of *Monahan Loan Service, Inc. v. Janssen,* 349 N.W.2d 752 (Iowa 1984), instructive here. There the supreme court stated:

> While discrepancy in price may be an important consideration in resolving questions of commercial reasonableness, we adopt the views expressed in *In re Zsa Zsa Limited,* 352 F.Supp. 665, 670 (S.D.N.Y.1972) and *Westgate State Bank v. Clark,* 231 Kan. 81, 89, 642 P.2d 961, 969 (1982) that:
>
> > It is the aggregate of circumstances in each case—rather than specific details of the sale taken in isolation—that

should be emphasized in a review of the sale. The facets of manner, method, time, place and term cited by the Code are to be viewed as necessary and interrelated parts of the whole transaction.

*Id.* at 757.

In applying this rule to the present case, we find there was substantial evidence to support the trial court's determination the sales here were not completed in a commercially reasonable manner. In its findings of fact and conclusions of law, the trial court determined the cornhead was sold to a subsequent buyer within a month of the taking of the cornhead and the combine from Harding. This was consumated in a private sale, along with a John Deere combine the same model, three years older, for a price of $34,790. This price would have been sufficient to clear Harding's total obligation to the plaintiff. In addition, the trial court found plaintiff kept the combine and allowed it to be used by Living History Farms as well as other possible buyers. The court further found credible evidence a qualified buyer was not shown the 7700 combine despite specific and repeated requests to look at a newer model John Deere 7700 combine.

Considering the totality of the foregoing circumstances, we find the record supports the trial court's finding of method of sale was not commercially reasonable and thus, determine the trial court did not err in its determination of this issue.

**B. Notice.** Next plaintiff contends Harding was given adequate notice of the sale of the combine. Plaintiff states the collateral could be sold in parcels and is entitled to a deficiency judgment for the combine if not for the cornhead.

Defendant alleges the trial court correctly ruled Dallas County Implement failed to give proper notice of the sale of collateral. The reason being plaintiff failed to disclose a substantial portion of the collateral had been sold until just before trial. Also, because plaintiff failed to make allocation between the sold cornhead and the retained combine. Finally, because plaintiffs failed

to credit Harding for the money received from the subsequent sale of the cornhead.

After default, the secured party is entitled to sell any or all of the collateral following any commercially reasonable preparation or process. Iowa Code § 554.9504(1) (1987). However, section 554.9504(3) mandates the creditor give notification of the time after which disposition of the property is to be made:

Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made is to be sent by the secured party to the debtor, if the debtor has not signed after default statement renouncing or modifying the debtor's right to notification of sale.

*Id.*

In an action for a deficiency judgment the plaintiff has the burden of establishing compliance with the statutory requirements of reasonable notice. *Northwest Bank & Trust Company v. Gutshall*, 274 N.W.2d 713, 717 (Iowa 1979). A secured party who has failed to give reasonable notification of the sale of repossessed property and has conducted such sale in a commercially unreasonable manner is not entitled to recover any deficiency from the defaulting purchaser. *Herman Ford–Mercury, Inc. v. Betts*, 251 N.W.2d 492, 494 (Iowa 1977). We agree with the district court's determination in this case no notice was given prior to the September 28, 1983, private sale of the cornhead to Richard Moen. In addition, the trial court found notice was later given to Harding the cornhead (which had been repossessed from Richard Moen) and the combine would be sold at private sale and a deficiency assessed against Harding.

The cornhead represents a significant portion of the collateral in this matter. Therefore, we hold the trial court did not err in determining the consequence of Dallas County Implement not giving notice to the debtor of the sale of repossessed collat-

eral is the loss of right to a deficiency judgment. We do not disturb the district court's determination.

Finally, the plaintiff's attempt to circumvent its loss of sufficiency judgment by asserting *Barnhouse v. Hawkeye State Bank*, 406 N.W.2d 181, 186 (Iowa 1987), allows them to at least collect deficiencies on those portions of the collateral that were sold with proper notice. Presumably then, the plaintiffs argue they should still be entitled to a deficiency from the sale of the combine separate from the cornhead, because the proper notice was given to Harding before the sale of the combine. We find plaintiff's argument unpersuasive.

The *Barnhouse* case can be distinguished from the facts here in two ways. First, in *Barnhouse* the bank sold a bucket of bolts for $25 and a broken engine analyzer for $35. The proceeds were credited against the indebtedness. The bucket of bolts and the engine analyzer represented a slight fraction of the total collateral taken by the bank. *Id.* at 186. The value of the collateral in *Barnhouse* was $1300. Hawkeye obtained $60 for the items sold prior to notice being given to the debtor. In this case the sale of the cornhead represented a significantly larger portion of the total amount of collateral. Second, the *Barnhouse* court, in determining not to apply the absolute bar of a right to deficiency judgment, stated:

> We conclude the absolute bar, while appropriate in prior cases, is inapplicable here for several reasons.
>
> First, this transaction was not a sales transaction in which the goods purchased were in direct relation to the debt incurred. Rather, Barnhouse's loan was secured by a myriad of collateral, including inventory, equipment, and accounts receivable. This collateral, neither as a whole nor separately, necessarily bore any relationship to the debt incurred.... Thus, any assumption the secured collateral necessarily reflects the amount of the debt is less compelling. (Citations omitted.)

*Id.* at 186. In this case we simply have different circumstances. This is a sales transaction and the goods purchased bear a direct relationship to the debt incurred. Thus, we determine *Barnhouse* is inapplicable in this matter and affirm the trial court's determination on this issue.

For the foregoing reasons, we affirm the judgment of the trial court.

AFFIRMED.